In re Robert D. VINCENT, Debtor.

Bankruptcy No. 279–00105.

United States Bankruptcy Court,
M. D. Tennessee.

Dec. 7, 1979.

See also, 4 B.R. 23.

Aron P. Thompson, Jerry Lee Burgess, Cookeville, Tenn., for debtor.

L. Thomas Austin, Dunlap, Tenn., for Donna Vincent.

Gary D. Patrick, Chattanooga, Tenn., for Unsecured Creditors' Committee.

H. Frederick Humbracht, James R. Kelley, Dearborn & Ewing, Nashville, Tenn., for trustee.

## ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court upon motion of the debtor for allowance of necessary living expenses during the pendency of the Chapter 11 proceedings. This is a Chapter 11 case with the business being operated by the trustee. These proceedings were instituted pursuant to a voluntary petition filed by the debtor.

The facts presented the court show that subsequent to the filing of the Chapter 11 petition the trustee discussed with the debtor and debtor's attorneys the possibility of his employment in a limited advisory capacity under the strict supervision of the trustee. This agreement was not finalized as the debtor, in early November, suffered a heart attack. Further, as shown by the proof, facts have developed which may cause the trustee reservation in employing the debtor in the proceedings.

Proof was presented as to the necessary living expenses for the debtor and his family. This proof shows that the parties are expecting a child in March, 1980; rent payments are in the amount of $316.00 per month; Blue Cross Insurance payments due in the approximate amount of $180.00 (this coverage was obtained prior to the heart attack but subsequent to the pregnancy); a water bill in the approximate amount of $30.00; electric bill in the approximate amount of $95.00; telephone bill in the approximate amount of $400.00; and various other monthly bills including a gasoline credit card, Visa, American Express, and a disability insurance payment.

Additionally, there is before the court a motion filed by counsel for the ex-wife of the debtor stating that pursuant to a state court decree she is entitled to $700.00 alimony plus $100.00 child support and certain additional amounts due from the income of property owned by the debtor. This party seeks the allowance of these payments from the estate.

The proof further shows that in spite of representation to the debtor's attorney and to the trustee to the effect that debtor's doctor had ordered that he not be involved in business transactions or discussions relative to this case, the debtor has, on a number of occasions, been involved in the discussion of business transactions. It is clear that the record herein reflects that none of these discussions have been for the benefit of the debtor's estate nor the estate of Sequatchie Power Company, a company wholly owned by the debtor. No schedules and statement of affairs have been filed in either case and no attempt has been made by the debtor to assist in the preparation of these.

Further, the record reflects that, in a previous state court receivership, debtor was allowed $5,000.00 per month in expenses but that prior to the institution of the bankruptcy proceedings the Chancellor in the state court proceedings had ordered such payments stopped because of the debtor's alleged disobedience of state court orders and failure to cooperate with the state court receiver. The proof before this court indicates that the debtor continues in his attempt to circumvent orders of this court and of the Chancery Court and further has made no attempt to cooperate with the trustee in the Chapter 11 proceedings.

Pursuant to the terms of 11 U.S.C. § 541 the interest of the debtor in properties owned on that date become the property of the Chapter 11 estate. It is clear that any monies earned or property coming into the hands of the debtor after the date of filing would not be the subject of the jurisdiction of the Chapter 11 court. This statement, of course, assumes that the property coming into the hands of the debtor was not derived from property which was or should have been property of the estate under the terms of § 541 as of the date of filing. It is

apparent that any money earned by the debtor following the date of the petition from employment obtained by the debtor after the filing of the petition or from employment obtained from the trustee subsequent to the filing would be sole property of the debtor and would not be subject to any claims of creditors. Conversely, any property held by the debtor prior to the filing of the petition would be property which would be subject to the claims of creditors of the estate unless such property was exempted by the debtor.

Upon consideration, it is the determination of the court that no authority vests in this court to provide for the necessary expenses of the debtor from money earned as a result of property being property of the estate. That property is subject to the claims of the creditors of the estate unless such property is claimed exempt by the debtor. As counsel noted in their arguments to the court at the hearing of these motions, the debtor is only entitled to be compensated for services rendered to the trustee in the administration of the estate. The estate has no duty under any section to provide for the necessary living expenses of the debtor. The debtor's necessary living expenses must come from employment obtained subsequent to the filing of the Chapter 11 proceedings, either employment from the trustee or employment from other sources.

The analogy in this case is to a straight bankruptcy proceeding. Certainly in the event of a straight bankruptcy petition being filed by the debtor, the estate has no obligation to pay necessary living expenses. Neither is the estate, under any sections of the Code, obligated to pay necessary living expenses to a debtor in a Chapter 11 proceeding. This case is complicated by the fact that the debtor herein is incapacitated as a result of an unfortunate heart attack. This, however, is not an exception to the rules above-quoted. Accordingly, it is the judgment of the court that the court has no authority to order payments to the debtor for necessary living expenses from the estate unless the debtor is able to provide

compensable services to the trustee. The motion filed by the debtor's ex-wife is in the same category. The is an obligation pursuant to a decision entered by the courts of the State of Tennessee. As to any back alimony or child support due on the date of the filing of the petition, this court's jurisdiction attaches. As to the payment of such amounts from the date of filing, the court assumes that any relief from payment of those amounts by the debtor is within the jurisdiction of the state court. Certainly the debtor's Chapter 11 estate cannot assume responsibility for the ongoing payments of these amounts. That expense is also an expense which is in the general category of the debtor's necessary living expenses which accrue after the filing of the petition in bankruptcy.

Thus, it is the determination of the court that the motion to allow necessary living expenses and the motion to direct the trustee to make alimony payments to the debtor's ex-wife must be and the same are hereby DENIED, there being no provision in the Code for such payments from the debtor's Chapter 11 estate.

It is so ORDERED.