In re Ronald C. WALTER, aka Ron C. Walter, Debtor.

Ronald C. WALTER, aka Ron C. Walter, Appellant/Debtor,

v.

SUNWEST BANK, Appellee/Defendant.

SUNWEST BANK, Appellant/Plaintiff,

v.

Ronald C. WALTER, aka Ron C. Walter, Appellee/Defendant.

BAP Nos. CC–87–1162, CC–87–1384.
Bankruptcy Nos. SA 87–0006 JR, SA 86–01901 JR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 17, 1987.

Decided Feb. 3, 1988.

Theodore Albert, Buchalter, Nemer, Fields, Chrystie, & Younger, Newport Beach, Cal., for appellants.

Steven Skacevic, Frandzel & Share, Beverly Hills, Cal., for appellees.

Before VOLINN, JONES and MOOREMAN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

In these two appeals, the debtor and an unsecured creditor each appeal from a separate order. Both orders, however, arise out of the same dispute. The unsecured creditor, Sunwest Bank, appeals from an order imposing sanctions upon it. The debtor appeals from an order prohibiting him from withdrawing any monies from a fund subject to a contested claim of exemption.

We affirm both rulings.

## FACTS

Ronald C. Walter and his wife Freida Suzanne Walter filed separate Chapter 11 bankruptcy petitions on April 11, 1986. For the past several years, Mr. Walter's business had been buying and selling real property. His bankruptcy estate consisted primarily of real estate holdings.

In his bankruptcy schedules, Mr. Walter listed as exempt a pension plan which he had established when he did business as Ronson Equities, Inc. He was always the sole trustee and administrator of the pension plan. At times pertinent hereto, he and his wife held a 91.5 percent interest in it, and were the only participants in it. The plan was a substantial asset of approximately $1,200,000, drawing interest of approximately $120,000 annually.[1] After filing his Chapter 11 petition, Mr. Walter withdrew $10,000 per month from the pen-

---

1. Mr. Walter and Mrs. Walter had filed a petition for dissolution of marriage about a year before each of them filed separate Chapter 11 petitions. As of April 11, 1986, they were still legally married, but were living separately and apart. Each of them listed approximately $663,000 as his/her respective community share of the pension plan on his/her Schedule B-4 (Property Claimed as Exempt).

sion plan for living expenses for himself and his family.

On July 16, 1986, Sunwest Bank filed an objection to this claimed exemption. The bank asserted that in 1981 and 1982 Mr. Walter had borrowed approximately $678,-000 from this pension plan in order to finance his businesses.

Sunwest asserted that this so-called pension fund was really a "slush fund," and thus Mr. Walter should not be allowed to draw monies from it in his claimed retirement. On Jan. 6, 1987 Sunwest set an *"ex parte"* emergency hearing, for January 8, 1987, some nine months after the bankruptcy petitions were filed, claiming that there was a continuing emergency whereby immediate and irreparable harm would be done to Sunwest if Mr. Walter continued to withdraw money from the plan.[2]

Counsel for Mr. and Mrs. Walter countered that the motion was improperly brought on an emergency basis, because no emergency existed in light of the bank's at least five-months knowledge and inaction as to the withdrawals of $10,000 per month from the pension plan by Mr. Walter for his and his family's personal use.

The bankruptcy court agreed with counsel for debtors, noting that the bank could have brought a motion to shorten time on notice, thus giving due process notice to the debtors. The court thereafter set a hearing on the bank's Application for Temporary Restraining Order, relative to the same relief, for January 13, 1987. It imposed sanctions against the bank in the amount of $3,535.00 for misuse of the *ex parte* process. The court arrived at the amount after hearing from counsel for each of the Walters, regarding how much time they had put into the proceeding.

On January 13, 1987, the court, having heard the matter, issued a temporary restraining order, restraining Mr. Walter from taking any monies from the pension plan for his personal use, finding that otherwise property in the bankruptcy estate would be disposed of and would not be recoverable.

At a hearing on February 5, 1987, the court considered applications by Mr. and Mrs. Walter for authority, pursuant to § 363 of the Bankruptcy Code, to use funds from the pension plan for personal purposes during the pendency of their respective Chapter 11 proceedings. On February 26, 1987, the court ruled that the pension plan constituted property of the Walters' respective bankruptcy estates and thus they were prohibited by law from using assets or funds contained in the pension plan. Specifically, the court ordered as follows:

1. The debtor's Motion for Use of Property of the Estate is denied in its entirety.

2. The debtor's interest in the Ronson Equities, Inc. Defined Benefit Pension Plan (the "Pension Plan") constitues [sic] property of this bankruptcy estate. Unless and until this Court orders otherwise, the debtor shall not use any funds or other assets from the Pension Plan for the support of himself or his dependents, or for any other purposes.

### ISSUES

1. Was the bankruptcy court authorized to impose sanctions against the bank for the bringing of an *ex parte* motion?

   If so:

2. Did the bankruptcy court abuse its discretion in awarding sanctions in the amount $3,535.00 in this case?

   a. Did it abuse its discretion in awarding $2,000 sanctions in favor of Mr. Walter's attorney?

   b. Did it abuse its discretion in awarding $1,535.00 sanctions in favor of Mrs. Walter's attorney?

3. To what extent does Chapter 11 permit a bankruptcy court to authorize a debtor in possession to use an asset of the bankrupt's estate when: (1) an ob-

---

**2.** Debtors were given 48 hours telephone notice of the hearing, which, under California procedures, is called an *"ex parte"* hearing. The moving papers were served on the debtors less than 24 hours before the hearing.

jection to a claimed exemption of this asset is pending and (2) no plan of reorganization has been filed?

## STANDARD OF REVIEW

### A.

■ Whether specific conduct violates a court rule or rules and calls for the imposition of sanctions is a legal question which must be reviewed *de novo*. *Golden Eagles Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986); *In re Lewis*, 79 B.R. 893 (9th Cir. BAP 1987). However, since the bankruptcy court has wide discretion in determining what sanctions should be imposed for violation of a rule or rules, the propriety of the sanctions is reviewed under an abuse of discretion standard. *Golden Eagle, supra,* at 1538; *In re Lewis, supra* at 895.

### B.

■ The bankruptcy court has considerable discretion in deciding whether to approve or disapprove the use of estate property by a debtor in possession, in the light of sound business justification. *In re Baldwin United Corporation*, 43 B.R. 888, 905 (S.D.Ohio W.D.1984); *In re Lionel Corporation*, 722 F.2d 1063, 1066 (2d Cir. 1983); *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir.1986).

## DISCUSSION

## I. SANCTIONS

A. *The bankruptcy court had authority to impose sanctions under Fed. R.Civ.P. 11, Bankruptcy Rule 9011, Local Rule 27.1 and Local Bankruptcy Rule 904(i), these rules all being consistent with one another.*

■ The authority upon which the bankruptcy court relied in imposing sanctions is not specified anywhere in the record. Appellant Sunwest Bank argues in its brief that the appropriate rules to be applied are Fed.R.Civ.P. 11 and Bankruptcy Rule 9011(a).

Appellee debtors counter that, since Local Rule 27.1 and Local Bankruptcy Rule 904(i) are more specific than the general federal rule and bankruptcy rule, the more specific local rules apply. These rules are more specifically described below. Appellee debtors cite as authority for this position *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986). Appellee's reliance on *Zaldivar* is misplaced. In *Zaldivar*, the court said that Rule 11 did not apply to discovery when other rules were more directly applicable.

Here, Rule 11 is directly applicable and is consistent with the special rules. The general and local rules both apply to this factual situation. Since the local rules are consistent they may be considered. *See Miranda v. Southern Pacific Transportation Company*, 710 F.2d 516, 521 (9th Cir. 1983).

■ District courts also have broad discretion in interpreting and applying their local rules. *Miranda, supra,* at 521; *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 783–84 (9th Cir.1970).

Recently the Eighth Circuit held that Rule 11 may be appropriately invoked in bankruptcy court. In the case of *In re Arkansas Communities, Inc.*, 827 F.2d 1219 (8th Cir.1987), the district court on appeal had approved the imposition of sanctions under 28 U.S.C. § 1927 and B.R. 9011. Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Circuit, on appeal, noted with some reservation that the application of 28 U.S. C. § 1927 by a bankruptcy court was approved without discussion in the case of *In re TCI, Ltd.*, 769 F.2d 441 (7th Cir.1985). However, the Circuit unreservedly endorsed the use of B.R. 9011 by the bankruptcy court stating:

[W]e believe that to not allow a bankruptcy court to impose attorney's fees as

sanctions against those who willfully abuse the judicial process would ignore the realities of present-day litigation and the relationship between the court systems. As best expressed by the court in *In re Silver*, 46 B.R. [772] at 774 [D.C. Colo.1985]:

Especially in these days where the number of proceedings in the federal courts continues to rise, the Court concludes that sanctions such as those imposed in this matter are necessary in order to protect the integrity of the Bankruptcy Code as well as the judicial process. [Footnote omitted.]

Accordingly, we hold that a bankruptcy court has jurisdiction under Bankruptcy Rule 9011 to assess attorney's fees as sanctions against attorneys who fail to comply with the rule.

827 F.2d 1221–22.

B. *The imposition of sanctions constitutes appropriate discipline in this case.*

Local Rule 27.1 of the District Court for the Central District of California authorizes the imposition of "penalties, including monetary sanctions and/or the imposition of costs and attorneys' fees to the opposing counsel, as the court may deem appropriate under the circumstances" for the violation of any local rules or Federal Rules of Civil Procedure.

Local Bankruptcy Rule 904(i) authorizes "appropriate discipline, including the imposition of costs and attorneys' fees" for the presentation of unnecessary motions, applications and *ex parte* motions which unduly delay the course of an action or proceeding through the courts. The rule further provides that such sanctions may be awarded regardless of the ultimate determination of the merits of the action.

▇ Fed.R.Civ.P. Rule 11 likewise authorizes imposition of "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." While the use of the contempt power may not be available to the bankruptcy court, use of sanctions in specific circumstances is appropriate:

Bankruptcy Rule 9011 authorizes the imposition of costs and attorney's fees as sanctions for the filing of frivolous claims or motions ... Therefore the power to impose sanctions under Rule 9011 should be interpreted as having been granted by Congress when it allowed the Bankruptcy Rules to become law.

*Gonzales v. Parks*, 830 F.2d 1033, 1036 n. 7 (9th Cir.1987). *Cf. In re Sequoia Auto Brokers Ltd.*, 827 F.2d 1281 (9th Cir.1987).

A sanction of monetary fees was not an unduly harsh penalty in this case. Schwarzer, William W., *Sanctions Under The New Federal Rule 11—A Closer Look*, 104 F.R.D. 182 (1985): *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir.1987). In summary, Rule 9011 and the local court rules were properly applied here.

C. *The Bankruptcy Court did not abuse its discretion in awarding sanctions in the amount of $3,535.00 in this case*

▇ Under the abuse of discretion standard, decisions of the trial court are reviewed under a reasonable person standard. The trial court acted reasonably and well within its discretion in awarding attorney fees to counsel for Mr. Walter of $2,000 and to counsel for Mrs. Walter the sum of $1,535.00. These amounts represented the cost of preparing for argument without a reasonable opportunity for adequate preparation. The court reached its conclusions after hearing from counsel as to what they had done and how much time they had spent in attempting to prepare for and argue this matter. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

II. DEBTOR'S MOTION FOR USE OF ESTATE PROPERTY

▇ Appellant (debtor) and appellee (Sunwest Bank) agree that the monies in the pension plan are the property of the bankruptcy estate. Debtor has asserted

that the pension plan is exempt and that he is retired and is entitled to withdraw from the plan in his retirement. The bank filed an objection to the claimed exemption. The parties agree that until the court rules on this objection, the plan is to be considered property of the estate.[3]

Claiming that he and his family need this money for living expenses, the debtor brought a motion pursuant to § 363 of the Bankruptcy Code.[4] The bank has countered that Mr. Walter as a bankrupt and debtor in possession is in a situation of conflict of interest, wanting the money for himself, while at the same time, having to protect the estate. The bank maintains that Mr. Walter should be allowed to withdraw no money from the pension plan so that the estate will be protected.

The bankruptcy court agreed with the bank and denied the debtor's motion. The bankruptcy court properly relied on case law whereby courts had held that personal living expenses for debtors and their families, as well as attorney's fees which benefitted the debtor as an individual, but not the bankruptcy estate, could not be paid out of monies or assets of the estate. The bankruptcy court has authority to deny the debtor use of estate property for living expenses for himself or his family. *United States v. Sutton*, 786 F.2d 1305 (5th Cir. 1986); *In re Vincent*, 4 B.R. 21 (Bankr.M. D.Tenn.1979). Similarly, the bankruptcy court has authority to preclude use of estate property for payment of attorneys where services benefit only the debtor, and not the estate. *In re Rhoten*, 44 B.R. 741 (Bankr.M.D.Tenn.1984); *In re Duque*, 48 B.R. 965 (S.D.Fla.1984); *In re Spencer*, 48 B.R. 168 (Bankr.E.D.N.C.1985); *In re Taylor*, 66 B.R. 390 (Bankr.W.D.Pa.1986).

The debtor attempts to distinguish the cases relied upon by the bankruptcy court, maintaining that his pension plan is exempt under 11 U.S.C. § 522(b)(2)(A) and California Code of Civil Procedure § 703.140(b)(10)(E). This issue is not before us, because the debtor admits that this property remains in the estate until the objection by the bank is ruled upon by the court. He states that "[t]there is no authority directly on point with the issues raised by the facts in this case." He contends that as long as the property is not exempt, he cannot win a motion such as this, because the debtor has no access to funds whereby he may establish his claim. He relies on the court's discretion and authority to allow the debtor to use these funds pursuant to 11 U.S.C. § 363(b).

The bank counters that 11 U.S.C. § 363 and applicable case law do not allow the debtor to use estate property for personal purposes.

The Fifth Circuit Court of Appeals in *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir.1986), articulates the criteria a bankruptcy court is to consider in deciding whether to approve or disapprove the use of estate property under 11 U.S.C. § 363(b):

We also agree with the Second Circuit that implicit in § 363(b) is the further requirement of justifying the proposed transaction. *In re Lionel Corp*, 722 F.2d 1063, 1071 (2d Cir.1983). That is, for the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.... Whether the proffered business justification is sufficient depends on

---

**3.** The debtor appeals from an interlocutory order. *See In re Mason*, 709 F.2d 1313 (9th Cir. 1983). Thus, in order for the appeal to proceed, the Bankruptcy Appellate Panel must grant leave to appeal. *See* 28 U.S.C. § 158(a)(c); B.R. 8001(b). Neither party sought leave to appeal or otherwise raised this issue, but because it affects our jurisdiction, we raise it on our own motion. We find that the denial of the debtor's motion for use of estate property merits immediate appellate review, since it determines and affects the debtor's substantive rights and would

cause irreparable harm if the debtor had to wait until the bankruptcy court decided this matter. *See In re 405 North Bedford Drive Corp.*, 778 F.2d 1374 (9th Cir.1985).

**4.** No trustee has been appointed. The bank has moved for appointment of a trustee. In the meantime, Mr. Walter as debtor in possession has many of the same rights and responsibilities as would a trustee. 11 U.S.C. § 1107.

the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

780 F.2d at 1226.

In this case, the debtor having drawn some $90,000 to the date of the hearing, did not show that it would be an exercise of good business judgment to permit him to continue to withdraw $10,000 per month from the alleged pension fund. Sunwest in contrast, has shown that a substantial asset of the estate may be jeopardized by continued withdrawals. The court properly exercised its discretion in denying the debtor further draws.

### CONCLUSION

#### A.

The bankruptcy court had authority under governing court rules to impose sanctions. The amount of sanctions was appropriate under the circumstances. Accordingly, the award of sanctions is affirmed.

#### B.

The debtor did not meet his burden of showing that he should be permitted to withdraw funds for personal use from the bankruptcy estate or that the estate would be adequately protected were he allowed to withdraw monies from his pension plan pri-or to a ruling upon an objection to a claimed exemption and outside any plan of reorganization. Accordingly, the bankruptcy court's order denying debtor's motion for use of estate property is affirmed.