**In re BERSHER INVESTMENTS, Debtor.**

**BERSHER INVESTMENTS, Gary Brown, and the Law Offices of Gary Brown, Appellants,**

**v.**

**IMPERIAL SAVINGS ASSOCIATION, Appellee.**

**Bankruptcy No. LA 86–0351–LF.**
**Adv. No. M6–05811–LF.**
**BAP No. CC 87–1051 MoVP.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 20, 1988.

Decided Nov. 7, 1988.

---

Gary Brown, Law Offices of Gary Brown, Century City, Cal., for appellants.

Victor Sahn, Sulmeyer, Kupetz, Bauman & Rothmann, Los Angeles, Cal., for appellee.

Before MOOREMAN, VOLINN and PERRIS, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

By this appeal, the appellant Mr. Brown (attorney for the debtor), seeks to set aside Judge Fenning's order imposing sanctions in the amount of $500 for appellant's failure to notify opposing counsel prior to a scheduled hearing that the debtor would not contest the appellee's motion to lift the stay.

## FACTS

On September 5, 1986, the appellee filed a motion for relief from the automatic stay seeking to foreclose on a certain piece of real property. On September 10, 1986, an amended motion was filed. The debtor, by and through its attorney Mr. Brown, filed an opposition to the motions, essentially alleging that the motions were defective because they lacked any declarations as to the "lack of equity." Additionally, the opposition to the motions alleged that the appellee was adequately protected and that partial payments towards the underlying debt had been rejected by the appellee. Appellee filed an appraisal report on September 18, 1986, and a declaration regarding the value of the property on September 22, 1986.

The hearing on the amended motion took place on September 23, 1986. The bankruptcy court determined that the debtor as well as Mr. Brown had for the first time seen the appellee's declaration setting forth the alleged value of the property. Due to the late filing of the declaration, the bankruptcy court granted the debtor a two week continuance and stated that if, after review with the debtor, it was determined

that no equity existed in the property, Mr. Brown "might want to consider whether pressing this motion makes sense."

Apparently, after further calculations with the debtor as to the value of the property, Mr. Brown determined it would not be necessary to further oppose the motion to lift the stay. Accordingly, neither the debtor nor Mr. Brown appeared at the continued hearing on the matter. However, counsel for the appellee did appear at the scheduled hearing and obtained an order terminating the automatic stay.

Subsequently, the appellee filed with the bankruptcy court a Motion for Sanctions in which the attorney for the appellee alleged that he had spent three (3) hours preparing for the continued hearing. The appellant filed an opposition to the motion which *inter alia* stated that Mr. Brown presumed it would be "obvious" to the appellee that he was no longer opposing the motion to lift the stay and that Mr. Brown had been "engaged in Court the two days before the hearing and did not make his customary courtesy phone call to [the appellee's attorney]."

The bankruptcy court determined that under the circumstances, "[Mr. Brown] had an obligation to inform [the appellee's attorney] if he didn't oppose" the lift stay motion. Accordingly, the bankruptcy court held "the amount of $500 in sanctions is appropriate strictly for the unnecessary court appearance."[1]

## DISCUSSION

The issue of whether certain conduct violates a court rule and calls for the imposition of sanctions involves a legal question subject to *de novo* review. *In re Walter*, 83 B.R. 14, 17 (9th Cir. BAP 1988) (citations omitted). As to the form or amount of any sanction imposed, however, a bankruptcy court has wide discretion and will not be modified by an appellate court absent an abuse of discretion. *Id.* Additionally, any disputed factual determina-

tions are reviewed under the clearly erroneous standard. *In re Film Ventures International, Inc.*, 89 B.R. 80, 83 (9th Cir. BAP 1988) (citations omitted).

Although the transcript does not specifically set forth the authority upon which the bankruptcy court relied in imposing the sanctions, clear authority does exist to support the bankruptcy court's order.

Local Bankruptcy Rule 904(f)(3) of the Central District of California provides in the pertinent part:

> Any party ... opposing a motion ... who *does not intend to urge or oppose the same ... shall,* not less than three (3) days in advance of any day fixed for the hearing, *notify* (1) opposing counsel, (2) the Clerk of the Judge before whom the matter is pending, in order that the Court and counsel may not be required to devote time to an immediate consideration of a matter which is not to be presented.

Central District of California Local Bankruptcy Rule 904(f)(3) (emphasis added).

Additionally, in order to insure compliance with Local Bankruptcy Rule 904, subsection (i) provides in the pertinent part:

> The presentation to the court of ... unwarranted opposition of motions, which ... unduly delay the course of an action or proceeding through the Courts, or *failure to comply fully with this rule,* subjects the offender, at the discretion of the court to appropriate discipline, including the imposition of costs and attorney's fees to opposing counsel.

Central District of California Local Bankruptcy Rule 904(i) (emphasis added).

The appellant initially argues that there is no authority for the imposition of sanctions for an "unintentional failure to notify counsel of no further opposition." The appellant contends that Local Bankruptcy Rule 904 is derived from Bankruptcy Rule 9011 and accordingly "should be read to be limited to situations set forth in Bankrupt-

---

1. The actual order imposing the sanctions was not included in the excerpts of record. While the appellee did include the transcript of the hearing, it appears the appellant assumed that all documents included in his designation of the record would be automatically set forth as excerpts.

cy Rule 9011" (ie. "willful" conduct). However, the appellant cites no authority for this proposition.

Bankruptcy Rule 9029 allows for the making of local bankruptcy rules so long as they are not "inconsistent" with the more general Bankruptcy Rules. In the instant case, the relevant portions of Local Bankruptcy Rule 904 allow for appropriate discipline when a party who has previously opposed a motion fails to notify opposing counsel or the court of a later intent not to so oppose, thereby avoiding unnecessary hearings and wasted court time. Bankruptcy Rule 9011 provides *inter alia* for appropriate sanctions for the filing of frivolous pleadings. Additionally, sanctions under Bankruptcy Rule 9011 are mandatory (thereby warranting a more strict standard when reviewing a party's conduct), while "appropriate discipline" under Local Bankruptcy Rule 904 is completely at the discretion of the court. These Rules cannot be considered to be "inconsistent" with one another and the appellant's argument must fail.

Additionally, the appellant argues that under Bankruptcy Rule 9014 (dealing with contested matters), "[n]o response is required under this rule unless the court orders an answer to a motion." Again, however, there is no inconsistency with Local Rule 904 and Bankruptcy Rule 9014. While Rule 9014 does not specifically require a response, Local Rule 904(f)(3) merely requires that *when a response in opposition is originally made* and *later* the opposing party decides to *withdraw its opposition,* notification must be given. The clear purpose of Local Rule 904(f)(3), which is essentially to avoid unnecessary hearings, is specifically set forth in the local rule. This was precisely the concern of the bankruptcy court in the instant case and the justification for the imposition of the sanctions. Considering the "realities of present-day litigation" and the increasing number of proceedings in federal bankruptcy court, Local Rule 904(f) cannot be considered inconsistent with Bankruptcy Rule 9014. *See In re Walter,* 83 B.R. at 18.

Given the validity of Local Bankruptcy Rule 904(f)(3), it is undisputed that the appellant failed to give appropriate notification of its intent not to further oppose the motion to lift the stay. Accordingly, the appellant's "failure to comply fully with this rule subjects the offender, at the discretion of the court to appropriate discipline." Local Bankruptcy Rule 904(i). Such discipline specifically includes imposition of costs and attorney's fees.

The appellant next argues that the appellee should not be entitled to sanctions because of "misrepresentations concerning the date of service of the declaration" regarding the property value. Any such representation, however, does not excuse the appellant's failure to notify the appellee's counsel thereby avoiding the unnecessary hearing. It is apparent from the record that the bankruptcy court agreed that the declaration had been filed late and accordingly granted a two week continuance to allow the appellant to review the property valuation. After doing so, and determining that further opposition to the appellee's motion was not warranted, the appellant had an obligation under Local Rule 904 to give appropriate notification of its intent.

■ Finally, the appellant argues that the amount of the sanctions imposed was unreasonable given the circumstances and asserts that the sanctions should be reduced to "the reasonable value of one hour of [appellee's] time." The appellee points out that the originally filed opposition alleged *inter alia* (1) adequate protection and (2) that the property was necessary to the reorganization. Accordingly, the appellee justifiably had to prepare to oppose such allegations at the continued hearing on the motion to lift the stay. In the accompanying declaration to the motion for sanctions, the appellee's attorney stated he had spent three (3) hours in preparation for the hearing and that his hourly billing rate was $175 for a total of $525. Under such circumstances, this Panel cannot find that the bankruptcy court "abused its discretion" in finding that $500 was a "reasonable compensation" in preparing to argue

the matter. *See In re Walter*, 83 B.R. at 18.

Accordingly, the order of the bankruptcy court is AFFIRMED.