### BURGER KING CORPORATION, Appellant,

v.

### John Ercy WILKINSON, Debtor.

Bankruptcy No. 85–20111.
Civ. A. No. 88–2458.

United States District Court, D. Kansas.

March 21, 1989.

Scott Allen Orth, Hall & O'Brien, P.A., Miami, Fla., Justice B. King, Fisher, Patterson, Sayler and Smith, Topeka, Kan., for appellant.

Carl R. Clark, Mission, Kan., Trustee.

Dan E. Turner, Phillip Turner, Topeka, Kan., for debtor.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on Burger King Corporation's appeal of three Bankruptcy Court decisions. Appellant Burger King appeals the following interrelated decisions: (1) the April 28, 1988, grant of appellee Wilkinson's motion to dismiss Burger King's amended complaint; (2) the August 24, 1988, denial of Burger King's motion for reconsideration of the order of dismissal; and (3) the August 24, 1988, denial of Burger King's motion for leave to file out of time a response to appellee's motion to dismiss. In addition to the appeal, the court also has before it two motions of appellee Wilkinson: a motion for leave to file a brief in excess of fifty pages, and a motion for damages under Federal Rule of Appellate Procedure 38 for Burger King's filing a frivolous appeal. For the reasons discussed below, the court will affirm the Bankruptcy Court's orders of April 28 and August 24, 1988, 89 B.R. 885, and will deny appellee's motions.

Appellant Burger King filed a complaint and amended complaint in the Bankruptcy Court to determine the dischargeability of a debt. On March 23, 1988, appellee Wilkinson moved to dismiss Burger King's amended complaint. Burger King never responded to Wilkinson's motion to dismiss; therefore, Wilkinson submitted a proposed order of dismissal, which the Bankruptcy Court signed. The Bankruptcy Court treated Wilkinson's motion as an uncontested one; hence, Wilkinson's motion to dismiss Burger King's amended complaint was subject to being granted without further notice under local rule 206(g). Essentially, as appellant Burger King argues and as the Bankruptcy Court's August 24, 1988, Memorandum and Order reflects, the Bankruptcy Court ordered dismissal of the amended complaint as a sanction against Burger King. The sole issue before the court, then, is whether the Bankruptcy Court abused its discretion in imposing this sanction. *See, e.g., In re Omoto,* 85 B.R. 98, 100 (9th Cir. BAP 1988); *Rich v. Maryland,* 42 B.R. 350, 354 (D.Md.1984).

The Bankruptcy Court "has wide discretion in determining what sanctions should be imposed for violation of a rule." *In re Walter*, 83 B.R. 14, 17 (9th Cir. BAP 1988). Additionally, the Bankruptcy Court, as any court, has wide discretion to impose sanctions in order to manage its docket and control its cases. The court has determined that the Bankruptcy Court's decision to dismiss Burger King's amended complaint was well-supported and not an abuse of discretion.

A creditor who wishes to challenge dischargeability of a debt has the burden of going forward with that challenge. 3 Collier on Bankruptcy ¶ 523.11 (1988). Section 523(c) of the Bankruptcy Code, 11 U.S.C. § 523(c), requires the creditor to initiate such proceedings; otherwise, the debt is discharged. Consequently, it was Burger King's duty to pursue its complaint and to defend against Wilkinson's motion to dismiss by responding to it. In this respect, we agree with the Bankruptcy Court's statements:

> Motions to dismiss are always serious matters. The plaintiff knows this and should have been extra diligent in responding. In addition, a section 523 complaint is an extremely important matter in that the essence of the right of the debtor granted under the federal bankruptcy statute is on the line, namely the discharge of certain debts. A plaintiff should be prepared to proceed to trial with all due diligence when he files such a suit.

The Bankruptcy Court also stated that the parties in this bankruptcy action, including appellant, had continually abused the local rules and tested the court's patience. Even a cursory review of the docket sheets bears out this statement.

The question of whether and to what extent a creditor should be penalized for its lack of diligence is best left to the discretion of the judge who has the opportunity to observe firsthand the conduct of the parties. *Rich*, 42 B.R. at 354. The court finds no abuse of discretion in the Bankruptcy Court's decision to sanction Burger King by dismissing its amended complaint.

Therefore, the Bankruptcy Court's Memoranda and Orders dated April 28 and August 24, 1988, are affirmed.

Appellee Wilkinson's motions deserve little discussion. First, he moves for leave to file a brief in excess of fifty pages. The limited question in the appeal was whether the Bankruptcy Court abused its discretion in deciding to sanction Burger King by dismissing its amended complaint. Instead of addressing this issue, appellee chose to address, in long-winded style, a statute of limitations issue. Bankruptcy Rule 8010(c) limits principal briefs to fifty pages. Wilkinson's brief not only exceeds this limit, it exceeds it unnecessarily. Accordingly, appellee Wilkinson's motion for leave to file a brief in excess of fifty pages is denied.

Second, appellee Wilkinson moves for damages under Fed.R.App.P. 38, claiming that Burger King's appeal was frivolous. An appeal is frivolous "only where the exceptions are so obviously frivolous on their face as to require no argument." 5 Am.Jur.2d *Appeal and Error*, § 912 (1962). Although Burger King's burden to prove that the Bankruptcy Court abused its discretion was undoubtedly a heavy one, the court finds that the arguments appellant advanced were not frivolous. Moreover, any damages appellee Wilkinson sustained from expending 140 hours on his responsive brief were due to his choice to address an irrelevant issue. Appellee's motion for damages will therefore be denied.

IT IS THEREFORE ORDERED that the Bankruptcy Court's Memorandum and Order dated April 28, 1988, and its Memorandum and Order dated August 24, 1988, are affirmed, and this appeal is hereby dismissed.

IT IS FURTHER ORDERED that appellee's motion for leave to file a brief in excess of fifty pages is denied. The clerk is directed to strike from the record appellee's responsive brief (Pl. # 9).

IT IS FURTHER ORDERED that appellee's motion for damages under Federal Rule of Appellate Procedure 38 is denied.