**In re Mark E. ELECCION, Deborah Anne Sogge, Debtors.**

**In re HESSINGER & ASSOCIATES, Appellant.**

BAP No. NC–94–1615–MeOAs.

Bankruptcy Nos. 94–10095, 94–13120.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Jan. 23, 1995.[1]

Decided March 17, 1995.

1. The original submission date was the date of oral argument, October 20, 1994. This submission date subsequently was vacated when the Panel filed an order directing the appellant to brief the jurisdictional issues. The appeal was resubmitted on the date the supplemental brief was filed.

Joseph Hessinger, Oakland, CA, for appellant.

Before MEYERS, OLLASON and ASHLAND, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

The orders on appeal in these cases arose after the Office of the United States Trustee objected to fees paid and agreed to be paid to the law firm of Hessinger & Associates ("Hessinger") by Chapter 7 debtors Deborah Sogge and Mark Eleccion. The bankruptcy court entered an order and memorandum decision which were given a miscellaneous case number, 94–102, and captioned "In re Hessinger & Associates, Attorneys." The order essentially states that any prepetition agreement for payment of Hessinger's fees is dischargeable. Hessinger appealed from this order. After the notice of appeal was filed, the order was entered in the *Sogge* and *Eleccion* bankruptcy cases.

While these appeals were pending, the bankruptcy court entered orders in the *Sogge* and *Eleccion* cases which denied all of Hessinger's fees. In addition, orders determining Hessinger's fees to be dischargeable were entered in other bankruptcy cases. Three of these orders were appealed to the district court.

We must determine our own jurisdiction. *In re Benny,* 812 F.2d 1133, 1136 (9th Cir.1987); *In re Walter,* 83 B.R. 14, 19 n. 3 (9th Cir. BAP 1988). We recognize that the appeals before us are interlocutory. An interlocutory order is one which does not finally determine a cause of action but decides only an intervening matter, and which requires further steps to be taken for the cause of action to be adjudicated on the merits. *In re Peaches Records and Tapes, Inc.,* 51 B.R. 583, 587 (9th Cir. BAP 1985). Here, the orders on appeal provide that any fees awarded to Hessinger in the *Sogge* and *Eleccion* cases would be dischargeable. The appeals from those orders are interlocutory because the bankruptcy court did not decide whether Hessinger was even entitled to fees, but rather disposed of the intervening matter of dischargeability. Indeed, subsequent orders were entered in the *Sogge* and *Eleccion* cases finding Hessinger's fees unreasonable and denying them in full.

Although Hessinger did not file a motion for leave to appeal, we may treat the notice of appeal as a motion for leave to file an interlocutory appeal. Fed.R.Bankr.P. 8003(c); *In re Sperna,* 173 B.R. 654, 658 (9th Cir. BAP 1994). It is appropriate to grant leave if the order on appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. *Sperna, supra,* 173 B.R. at 658. Here, the issue of dischargeability is a controlling question of law. However, an immediate appeal would not materially advance the termination of this litigation, for were we to rule on the dischargeability question, the issue of whether any fees were owed still would have to be determined.

Under the final judgment rule, a party ordinarily must raise all claims of error in a single appeal following final judgment on the merits. *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). This rule was designed to prevent piecemeal litigation, conserve judicial energy and eliminate delays caused by interlocutory appeals. *In re Frontier Properties, Inc.,* 979 F.2d 1358, 1362 (9th Cir.1992). Under the practical test of finality used in the context of bankruptcy proceedings, the need for immediate review, rather than whether the order is technically interlocutory, is emphasized. *Id.* at 1363. There is no need for immediate review of the dischargeability finding in these cases, since the issue of the amount of fees allowed would still need to be litigated.

Where an issue is determined in an interlocutory order and later incorporated into a final order, the determination of the original issue is appealable upon an appeal of the final order, thereby allowing the appellate court to review all the combined issues. *In re Frontier Properties, Inc., supra,* 979 F.2d at 1364. It is appropriate for the district court to decide the issue on appeal at the same time it determines whether Hessinger's fees should have been disallowed. For one thing, because the orders before us are disciplinary in nature, the BAP is not the proper forum to decide the appeal. Pursuant to Rule 110-7, Local Rules of Practice for the United States District Court for the Northern District of California, the district court has disciplinary power over attorneys practicing in that district. Secondly, the district court already has on appeal orders entered in three other cases holding that Hessinger's fees are dischargeable. Allowing the district court to determine the dischargeability issue in the instant cases will avert the potential for conflicting decisions between the district court and the BAP. Finally, the debtors in the *Sogge* and *Eleccion* cases have not had a chance to respond to the instant appeals, because the orders on appeal were not entered in their cases until after the notice of appeal was filed. Allowing the district court to decide the matters will provide the debtors with an opportunity to be heard.

Because we are effectively divested of jurisdiction over these interlocutory appeals, we will not consider if they are moot. *See In re Carroll,* 903 F.2d 1266, 1269–70 (9th Cir. 1990) (appeal is moot when events occur which prevent the appellate court from granting any effective relief).

Lacking jurisdiction over these appeals, we order them **DISMISSED.**