**In re Jerome BERG, Debtor.**

**Jerome BERG, Appellant.**

v.

**Joanne BARTH, aka Joanne Berg, Appellee.**

**BAP No. NC 94–1842–AsOV.**
**Bankruptcy No. 93–32500–BDM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 20, 1995.

Decided Aug. 10, 1995.

480

Jerome Berg, San Francisco, CA, pro se.

Charles Cline Moore, San Francisco, CA, for appellee.

Before ASHLAND, OLLASON and VOLINN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The debtor sought a temporary restraining order to enjoin state contempt of court hearings involving his failure to pay a spousal support judgment. The bankruptcy court denied the application, having granted his former spouse relief from stay eleven months earlier to proceed with state remedies to enforce the judgment. The debtor alleges abuse of discretion on the part of the court in denying his application for a temporary restraining order. Finding no abuse, we affirm.

## STATEMENT OF FACTS

The debtor/appellant Jerome Berg and appellee Joanne Barth were husband and wife until their divorce became final on February 27, 1985. Pursuant to a default judgment on reserved issues entered March 19, 1991 by the Superior Court of the State of California, County of Marin, Berg was ordered to pay Barth $600 per month spousal support in addition to attorney's fees in the nature of spousal support amounting to $43,191.73. The $600 per month award was consistent with, and apparently a continuation of, a prior order on spousal support filed January 4, 1984. The 1991 judgment on reserved issues was affirmed on appeal by the California Court of Appeal. Berg made allegations of fraud but the appellate court determined that Berg had waived those issues on appeal by his failure to support the claim with discussion and legal authority. The debtor's petition for review to the California Supreme Court was denied.

Subsequently, Berg filed Chapter 13 on June 1, 1993. On July 16, 1993, Barth moved for relief from stay in order to enforce the state court judgment. In affidavits supporting the motion, Barth alleged that Berg had failed to pay spousal support since December 1987. On August 2, 1993, the bankruptcy court granted relief from stay retroactive to the time of Berg's petition, thereby entitling Barth to immediate possession of the residence awarded to her in the judgment. The court also granted relief effective September 2, 1993 for Barth to enforce the judgments and orders for spousal support, attorney's fees, and costs.

On July 29, 1993, Berg filed a motion with the Superior Court for relief from the default judgment pursuant to California Code of Civil Procedure § 473. This motion was denied in December 1993 on grounds of res judicata and untimeliness. Berg appealed the denial to the California Court of Appeal.

On September 17, 1993, Berg filed a complaint in bankruptcy court against Barth and her attorney alleging fraud and perjury in obtaining the 1991 state court order. This action was dismissed and Berg was sanctioned $1,000 for maintaining the adversary proceeding. The bankruptcy court's order of dismissal was affirmed by the Bankruptcy Appellate Panel on November 1, 1994 in BAP No. NC–93–2314.

Berg also appealed the August 2, 1993 relief from stay order under BAP No. NC–93–1931. In that appeal, Berg raised issue with the retroactive grant of relief from stay as to the residence in question, but did not appeal that portion of the decision granting Barth leave to enforce the spousal support order. Berg's contention on appeal was that relief from stay was obtained through perjury and fraud on the part of Barth and her attorney Charles Moore.

In a November 1, 1994 memorandum of decision, disposing of both the relief from stay appeal, BAP No. NC 93–1931, and the

appeal of the dismissal of the adversary proceeding, BAP No. NC 93–2314, the Bankruptcy Appellate Panel affirmed both decisions. With respect to relief from stay, the panel, as did the bankruptcy court below, gave preclusive effect to the state court judgment because all of the remedies for appeal in the state system had been exhausted. As a result, the panel held there was no abuse of discretion in granting the retroactive relief from stay.

Berg petitioned for rehearing *en banc* of both BAP Nos. 93–1931 and 93–2314. The order denying rehearing, filed December 2, 1994, was captioned under BAP No. 93–2314. Barth states that BAP No. 93–2314, dismissal of the adversary, has been appealed to the Ninth Circuit, but that no appeal of the relief from stay BAP No. 93–1931 was taken and that that decision is now final. Berg suggests that both proceedings are on appeal to the Ninth Circuit.

On July 8, 1994, nearly a year after the bankruptcy court granted relief from stay, and before resolution of that appeal by the BAP, Berg filed an application for a temporary restraining order pending a hearing on a motion to interpret the relief from stay order. The application sought to restrain the state court from proceeding with a contempt hearing against Berg arising out of his failure to pay spousal support. The application did not allege fraud in obtaining the spousal support order. Instead, Berg phrased the issue as being whether "this creditor whose income well exceeds her expenses should be given preference over other creditors, or whether this pre-petition debt should be paid along with all other pre-petition debts." Application For Temporary Restraining Order, p. 4.

On July 12, 1994, the bankruptcy court denied Berg's application for a temporary restraining order. In doing so, the court noted that it was undisputed that the spousal support obligation is nondischargeable under § 523(a)(5). Further, that it was not disputed that the automatic stay does not apply to enforcement of the debt against assets that are not property of the estate, such as debtor's post-petition earnings. Berg appeals the order of the bankruptcy court denying his application for a temporary restraining order. While this appeal was pending, the Superior Court adjudicated Berg to be in contempt of court on August 31, 1994.

## ISSUES ON APPEAL

Whether the bankruptcy court abused its discretion in denying appellant's application for a temporary restraining order to enjoin state court enforcement of a spousal support judgment where relief from stay had previously been granted so that enforcement could proceed.

## STANDARD OF REVIEW

A bankruptcy court's decision to grant or deny injunctive relief is reviewed for abuse of discretion or for application of erroneous legal principles. *SEC v. Rogers*, 790 F.2d 1450, 1455 (9th Cir.1986). Conclusions of law are reviewed de novo. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986).

## DISCUSSION

In this appeal, Berg alleges two instances of error or abuse of discretion on the part of the bankruptcy judge with respect to denial of his application for a temporary restraining order (TRO). First, he questions what he describes as a *sua sponte* determination by the court that a fraudulently obtained spousal support judgment is nondischargeable. Second, he argues that it is abuse of discretion to have denied his TRO request where denial will result in distribution of the estate's assets to the benefit of a single pre-petition creditor to the detriment of other creditors.

In light of the numerous proceedings and appeals undertaken in both the federal and state court systems, it is important to be clear about what exactly is being appealed to this panel. This panel must review the denial of an application for a TRO. Although Berg has couched his issues in the language of the bankruptcy code, his brief is replete with arguments that go to the validity of the 1991 state court spousal support judgment, specifically that it was obtained through fraudulent actions and statements. Berg has exhausted his remedies in the state court

system and that judgment is now final. Although allegations of this type may have merit in the appropriate bankruptcy context, we find his arguments without merit in the context of this appeal.

### 1. *Debtor cannot raise issue for the first time on appeal.*

■■■ As a general rule, an appellate court will not consider an issue raised for the first time on appeal. *In re Crosby,* 176 B.R. 189, 195 (9th Cir. BAP 1994). Whether either of debtor's two issues were raised in the context of the July 12, 1994 temporary restraining order hearing is determinative. That hearing was purportedly both a hearing on an APPLICATION FOR TEMPORARY RESTRAINING ORDER as well as a hearing on a MOTION TO INTERPRET AUGUST 2, 1993 ORDER RETROACTIVELY TERMINATING AUTOMATIC STAY.

Debtor phrases his first issue on appeal as follows:

> "It is error or abuse of discretion for the bankruptcy court *sua sponte* to rule that the spousal support order obtained by fraud and supported only by the unsworn statements of counsel (not evidence) is indisputably [sic] non-dischargeable."

Although Berg's Application for TRO made reference to a "fraudulent state court hearing," he did not argue fraud as a basis for the TRO. Instead, debtor therein phrased the issue before the court as "whether this creditor whose income well exceeds her expenses should be given preference over other creditors, or whether this pre-petition debt should be paid along with all other pre-petition debts." A review of the transcript of the July 12, 1994 TRO/Interpretation hearing reveals that fraud was not argued. Berg was attempting to determine whether assets of the estate would be subject to Barth's attempts at enforcing the spousal support judgment, not to argue that the judgment was invalid. As such, the pleadings and oral arguments at the TRO hearing bear a greater connection to debtor's second issue as presented in this appeal.

Berg states the second issue on appeal as follows:

> "It is error or abuse of discretion for the bankruptcy court to permit the state remedy of contempt to be engaged where assets of the estate are in jeopardy of being allocated to the benefit of a single pre-bankruptcy creditor to the disadvantage of other pre-filing creditors and to reorganization."

This phrasing appears to present the basic issue whether the bankruptcy court abused its discretion in denying a TRO where denial would result in assets of the estate being distributed in a manner inconsistent with the dictates of the code. Although debtor casts the issue in bankruptcy terms, a review of his brief reveals no argument of that nature. Rather, the brief is replete with arguments that Barth is not in financial need of spousal support and that the judgment was obtained through the fraudulent actions and statements of Barth and her attorney. Semantically, Berg's second issue is different, but in substance it is the same as his first. To that extent, it is being raised for the first time on appeal. Because none of the recognized exceptions to the general rule apply, Berg's argument should not be entertained by this court. *Crosby,* 176 B.R. at 195.

Putting aside the fact that debtor's brief does not address the second issue as it is phrased, consider for a moment what debtor is suggesting. When Berg filed for the TRO he sought clarification of the 1993 relief from stay order as to what assets Barth could use to satisfy her spousal award. At that hearing, Berg phrased the issue as "whether [Barth] whose income well exceeds her expenses should be given preference over other creditors, or whether this pre-petition debt should be paid along with all other pre-petition debts." *See* Application For Temporary Restraining Order, p. 4.

Berg was concerned that assets of the estate would be used to pay the judgment and also feared that enforcement of the award would prevent his use of post-petition earnings towards the reorganization effort. In the July 12, 1994 memorandum denying the request for TRO, the bankruptcy court clarified that assets of the estate could not be used to satisfy the judgment except through court order. The memorandum specifically

noted that Barth stipulated on the record that she would not seek to enforce her claim against property of the estate without court permission. The court further noted that it was undisputed that the obligation was non-dischargeable under § 523(a)(5), and that the automatic stay does not apply to enforcement of such a debt against assets that are not property of the estate. Bankruptcy Code § 362(b)(2). It was also undisputed that Berg's post-petition earnings from personal services were not property of the estate.

Thus, for Berg to argue as a second issue that assets of the estate may be unfairly distributed to the benefit of one party is disingenuous. The court's order made it clear that estate assets would not be used in such a manner. At least not without court order. And there is no suggestion that Barth has attempted to proceed in that manner. As such, Berg raises a moot issue.

### 2. *Debtor cannot attack the state court judgment in this proceeding.*

■ To the extent that Berg is attempting to attack the foundation of the state court judgment he is doing so in the wrong proceeding. His primary recourse was the state court appellate system. He either failed to adequately substantiate the alleged fraud or, alternatively, has exhausted all of his state court remedies without success. At best, he might have raised them during the August 2, 1993 relief from stay hearing. However, when Berg appealed the order granting relief from stay, he did not raise issue with that portion granting leave to enforce the spousal support judgment. Instead, his issues dealt with relief being granted so that Barth could obtain possession of the residence awarded to her in the 1991 default judgment. Under the final judgment rule, a party must raise all claims of error in a single appeal. *In re Eleccion,* 178 B.R. 807, 809 (9th Cir. BAP 1995); *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985). Therefore, Berg lost the opportunity to argue this issue at the time he appealed the relief from stay hearing. Judgment in that issue has been rendered by the BAP and is now on appeal to the Ninth Circuit. The appeal from denial of the TRO presented to this panel is not the proper place to raise issue with the support obligation.

### 3. *There was no abuse of discretion in denying application for TRO.*

■ Berg presents two issues of alleged abuse of discretion on the part of the bankruptcy judge in denying his request for a TRO. A bankruptcy court's decision to grant or deny injunctive relief is reviewed for abuse of discretion or for application of erroneous legal principles. *Sec v. Rogers,* 790 F.2d 1450, 1455 (9th Cir.1986). Having reviewed the record on appeal, we conclude, for a number of reasons, that there has been no abuse of discretion or misapplication of legal principles.

First, by applying for a TRO to enjoin a state court contempt proceeding, Berg was essentially attempting to invalidate a relief from stay order granted some 11 months prior. The August 2, 1993 relief from stay order allowed Barth to exercise her state law remedies to enforce the spousal support judgment. The contempt proceeding was merely one step in that process.

Obtaining a TRO enjoining the contempt proceeding would have been equivalent to obtaining a stay pending appeal of the relief from stay order; a remedy that Berg did not pursue. Similarly, granting the TRO would have been, from the court's standpoint, a reversal of the relief from stay order. At the time the TRO was sought, the relief from stay issue was already on appeal to the BAP. The bankruptcy court would no longer have had jurisdiction over the relief from stay issue. *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982). Technically, it would have had jurisdiction to issue a TRO, but was wise to decline doing so given the substantive effect that would have had on the appellate issue. With all of this in the background, it was not an abuse of discretion for the court to deny the application for TRO. Furthermore, the TRO was sought *pending* an interpretation of the relief from stay order. As it was, the court was able to clarify that order without needing to issue a TRO.

Second, there is no merit this late in the proceedings to debtor's argument that he

should have received a dischargeability hearing. It does not appear that the court determined dischargeability at the TRO hearing; it merely noted that it was undisputed that the debt was nondischargeable. Given that, there was no reason for the bankruptcy court to have considered dischargeability at the TRO hearing. Presumably, that was already done in the context of the relief from stay hearing. Having failed to object to that procedure in his appeal of the relief from stay order, Berg would have waived that argument at a procedural stage prior to the TRO hearing. *Eleccion*, 178 B.R. at 809.

Third, the bankruptcy court was undoubtedly aware that Berg was attempting to attack the merits of the state court judgment at the TRO hearing. The application for TRO made references to Barth's wealth, her alleged lack of need for spousal support, and that such award was obtained by fraud. Berg was really seeking a second adjudication of those issues after all appeals had been exhausted in state court.

It was not an abuse of discretion for the court to decline to address those issues and instead give preclusive validity to a state court judgment that had been affirmed on appeal within the state system. To the extent that Berg had the potential to invalidate the judgment because of fraud, the proper recourse was in state court, not bankruptcy court. *Browning v. Navarro*, 887 F.2d 553, 562 (5th Cir.1989) *reh'g denied*, 894 F.2d 99 (5th Cir.1990) ("Comity counsels that any problems in a state judicial system should be remedied within that system."). Preclusive effect was properly given to this judgment because all appeals were exhausted and the time period within which to move for relief or other remedy had expired.

Finally, we find no error or abuse in the manner in which the bankruptcy court applied the law in its memorandum denying the TRO. The court properly recognized that spousal support obligations are nondischargeable under § 523(a)(5). The time to allege any irregularities in that process had either passed by the time of the TRO hearing or were on appeal elsewhere. It was undisputed at the TRO hearing that the debt was nondischargeable. It is also clear that the automatic stay does not apply to collection of spousal support from property that is not property of the estate. Bankruptcy Code § 362(b)(2). Further, it was undisputed that Berg's post-petition personal service earnings were not property of the estate.

In sum, there was no abuse of discretion by the bankruptcy court in its denial of the application for TRO. The court accomplished exactly what Berg sought, clarification of the relief from stay order.

### CONCLUSION

Finding no evidence that the bankruptcy court abused its discretion, we affirm the court's denial of the application for TRO to enjoin state court contempt proceedings.