**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of:  R2D2, LLC,

Debtor,

RONALD TUTOR AND ZELUS, LLC,

Appellants,

v.

RONALD L. DURKIN, Chapter 11
Trustee,

Appellee.

No. 12-56481

D.C. No. 2:12-cv-01886-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 12, 2014
Pasadena, California

In the Matter of:  R2D2, LLC,

Debtor,

No. 12-56483

D.C. No. 2:12-cv-01627-PSG

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DAVID BERGSTEIN,

        Appellant,

  v.

RONALD L. DURKIN, Chapter 11
Trustee,

        Appellee.

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 12, 2014[**]
Pasadena California

Before: PREGERSON, WARDLAW, and BERZON, Circuit Judges.

Ronald Tutor, Zelus, LLC, and David Bergstein appeal the district court's order affirming the bankruptcy court's order authorizing the Trustee of R2D2, LLC's bankruptcy estate to use R2D2's one-hundred percent membership interest in non-debtor Pangea Media Group, LLC (Pangea), to adopt a resolution removing Bergstein as Pangea's manager, and authorizing the Trustee to place Pangea into

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

bankruptcy proceedings. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

Under 28 U.S.C. § 158(d)(1), we have jurisdiction over appeals from "final orders of the district courts reviewing bankruptcy court decisions." *In re SK Foods, L.P.*, 676 F.3d 798, 801 (9th Cir. 2012) (quoting *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992)). A district court order is final only if the underlying bankruptcy court order is final. *Id.* at 801-02; *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005). Here, the bankruptcy court's order finally determined a discrete issue—that the Trustee could use R2D2's membership interest in Pangea to vote to remove Bergstein as Pangea's manager. And no further determination or order will be required to allow the Trustee to place Pangea into bankruptcy, if the Trustee so decides. This order seriously affects Bergstein's substantive rights by divesting him of his managerial position in Pangea. Under our "pragmatic approach" to finality in bankruptcy appeals, *In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) (quoting *In re Lazar*, 237 F.3d 967, 985 (9th Cir. 2001)), the bankruptcy court's order was final, and we therefore have jurisdiction to entertain the appeal of that order.

The district court did not err in concluding that the bankruptcy court had constitutional authority to enter its order. A bankruptcy court exercises the

3

"judicial Power of the United States" and infringes on the authority of Article III courts when it "enter[s] final judgment on a common law tort claim." *Stern v. Marshall*, 131 S. Ct. 2594, 2601 (2011). Here, although the bankruptcy court considered whether the Trustee could remove Bergstein as Pangea's manager pursuant to Pangea's operating agreement, the bankruptcy court did so for the sole purpose of delineating the Trustee's right to "use" R2D2's property under 11 U.S.C. § 363(b), rather than to adjudicate a common law claim. The bankruptcy court, therefore, determined a public right, and its order was permissible under *Stern*. *See Stern*, 131 S. Ct. at 2611-15; *see also In re Deitz*, 760 F.3d 1038, 1044 (9th Cir. 2014).

Nor did the district court err in concluding that the bankruptcy court acted within its "considerable discretion" in approving the Trustee's use of R2D2's property. *In re Walter*, 83 B.R. 14, 17 (9th Cir. BAP 1988). The Trustee submitted ample evidence to support the bankruptcy court's reasonable conclusion that Bergstein could not be trusted to manage Pangea, which was wholly owned by R2D2. Specifically, the Trustee provided evidence that Bergstein failed to identify to the Trustee that Pangea was 100 percent owned by R2D2; verified bankruptcy schedules for R2D2 that did not list Pangea as a subsidiary; failed to provide the Trustee with any federal tax returns or financial statements for Pangea; and,

4

through counsel, submitted papers to the bankruptcy court in 2010 that suggested Pangea was an operating, successful business, but later represented that Pangea was "a woefully insolvent entity." Based on this evidence, the bankruptcy court reasonably concluded that Bergstein's representations and decisions concerning the assets and financial status of Pangea were not to be trusted; that the Trustee has a right to investigate and determine whether Pangea has assets that can be recovered to benefit the bankruptcy estate; and that the Trustee may place Pangea in bankruptcy for that purpose if he determines that to be the prudent course. *See* 11 U.S.C. § 1106(a)(3).

**AFFIRMED.**