In re Toney CHISUM, Debtor.

MORTGAGE MART, INC., Appellant,

v.

Martin RECHNITZER, Trustee, Toney Chisum, Debtor, Julia C. Coleman, Appellees.

BAP No. CC–85–1118–MeMoV.

United States Bankruptcy Appellate Panels Ninth Circuit.

Argued and Submitted Oct. 29, 1986.

Decided Dec. 23, 1986.

Leon L. Vickman, A Law Corp., Encino, Cal., for appellant.

Julia C. Coleman, Compton, Cal., for appellees.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

JAMES W. MEYERS, Bankruptcy Judge:

### I

A creditor, Mortgage Mart, Inc. ("Creditor"), brought this suit against the Debtor, Toney Chisum, and his attorney, Julia Coleman, claiming that their repeated bankruptcy filings required the Bankruptcy Court to award sanctions, punitive damages and attorney's fees in favor of the Creditor. The Bankruptcy Court ruled in favor of the defendants and the Creditor now appeals.

We AFFIRM.

### II

### FACTS

On February 22, 1983, the Debtor, through his attorney Coleman, filed his first bankruptcy petition under Chapter 13 of the Bankruptcy Code ("Code"). The Debtor timely filed a Statement, a Plan and made scheduled payments to all secured creditors during the course of this proceeding. The Debtor also attempted to negotiate a loan to pay off his obligations to the Creditor. Under the belief that he had secured such a loan, the Debtor voluntarily dismissed the case. He subsequently learned, however, that the loan would not be granted because he had filed a Chapter 13 petition.

The Debtor then filed his second Chapter 13 petition on June 1, 1983. After finding another lender who assured disbursal of the funds upon the dismissal of the case, the Debtor again allowed the Chapter 13 proceeding to be dismissed. The loan was not funded.

On December 12, 1983, the Debtor filed his third Chapter 13 petition. Because this was the third bankruptcy filing, the Court required the Debtor to make postpetition mortgage payments owed from the date of the first Chapter 13 petition or the last six months, whichever was less. Since the Debtor was unable to make such payments, the Court lifted the stay and ordered that this relief would be effective against the Debtor in any future Chapter 13 proceedings over the next six months.

After consulting with Coleman, the Debtor dismissed his Chapter 13 case on February 1, 1983 with the intent to commence a Chapter 7 proceeding. The Creditor, however, foreclosed and purchased the property that same day. The Debtor subsequently did file his Chapter 7 petition. Although this was too late to protect his home against foreclosure, it did force the Creditor to bring another complaint to lift the stay so that it could pursue an unlawful detainer action.

The Creditor commenced this case with a complaint alleging that the multiple bankruptcy filings were in bad faith and abused the Bankruptcy Code thus justifying sanctions, punitive damages and attorney's fees. At the trial, the Debtor admitted that one purpose of his bankruptcy filings was to protect his home from foreclosure. Coleman testified that after the Court lifted the stay in the third Chapter 13 case, she advised the Debtor that his only recourse to protect his house was to file a Chapter 7 petition. Coleman, however, refused to file this petition herself because of her own doubts over the propriety of the action.

The Debtor's Chapter 7 papers stated that Julia Coleman did assist in the preparation of the petition and that she was paid $100 for her services. The petition also stated that only one prior bankruptcy petition had been filed. However, the Debtor testified at trial that he meant that Coleman had helped prepare past petitions and had been paid $100 for that help. He explained that he used a previous Chapter 7 petition prepared by Coleman on behalf of a Betty Autrey as a guide for his own filing. Betty Autrey testified that she actually filed the Chapter 7 petition on the Debtor's behalf.

The Bankruptcy Court concluded that the three Chapter 13 petitions were filed in good faith and were not an abuse of the Code because there were changed circumstances to warrant the actions. With respect to the Chapter 7 filing, the Court stated,

That the Court as a matter of law advised debtors who are unable to perform in Chapter 13, that Chapter 7 is available as a means of saving equity in their real property.

The Court then concluded that there was no abuse of the Code by the filing of the Chapter 7 petition. Finally, the Court found insufficient evidence for perjury.

## III

### DISCUSSION

■ The Bankruptcy Court has the inherent power to impose sanctions on parties and counsel who wilfully abuse the judicial process. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *In re Jones,* 41 B.R. 263, 267 (Bkrtcy.C.Cal.1984). The power to correct abusive practices is found in Section 105(a) of the Code which states:

The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a). In addition, a bankruptcy court may render sanctions against a party or an attorney under the authority of Bankruptcy Rule 9011 or 28 U.S.C. § 1927. *Cinema Service Corp. v. Edbee Corp.,* 774 F.2d 584, 585–86 (3d Cir.1985); *In re Jones, supra,* 41 B.R. at 267. Bankruptcy Rule 9011 states in relevant part:

The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011. *See also* Fed.R. Civ.P. 11.

Section 1927 of title 28 states in relevant part:

Any attorney ... who so multiplies the proceedings in a case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Creditor claims on appeal that the Court erred in not awarding sanctions because the Debtor's only purpose in filing three Chapter 13 petitions and a Chapter 7 petition was to prevent a foreclosure on his property. According to the Creditor, this constitutes bad faith and an abuse of the Code thus requiring the imposition of sanctions. *See In re Jones, supra,* 41 B.R. at 268; *In re Bystrek,* 17 B.R. 894, 895–96 (Bkrtcy.E.Pa.1982).

■ A court's decision to impose or not to impose sanctions will not be reversed absent an abuse of discretion. *See Roadway Express, Inc. v. Piper, supra,* 447 U.S. at 764, 100 S.Ct. at 2463; *Cinema Service Corp. v. Edbee Corp., supra,* 774 F.2d at 586. Filing a bankruptcy petition to prevent foreclosure if undertaken pursuant to a legitimate effort at reorganization is not reprehensible and is in accord with the aim of the Bankruptcy Code. *Cinema Service Corp. v. Edbee Corp., supra,* 774 F.2d at 586. Debtors may file successive Chapter 13 plans as long as each new plan is proposed in good faith. *In re Nash,* 765 F.2d 1410, 1415 (9th Cir.1985).

■ In the present case, we find no abuse of discretion in the Bankruptcy Court's decision not to impose sanctions against the Debtor or his attorney. Al-

though the Debtor admitted that one purpose of the filings was to avoid foreclosure on his home, he also indicated, as did Coleman, that the dismissals resulted from a good faith belief that circumstances had changed. The Bankruptcy Court believed the Debtor and Coleman's testimony that twice after complying with the lender's requirement to have the bankruptcy case dismissed, the loan fell through. Faced with no funds from the lender and no protection from foreclosure, the Debtor refiled. Since the Court found that the filings were not solely intended to hinder or delay creditors and that there is no bad faith or abuse of the Code, then there is no abuse of discretion in refusing to award sanctions.

AFFIRMED.