**In re Richard D. LEWIS, Debtor.**

**Gerald SHMAVONIAN; Sarkis Shmavonian; Ira Benjamin Katz, Esq., Appellants,**

**v.**

**Richard D. LEWIS; Nancy Curry, Chapter 13 Trustee, Appellees.**

**BAP No. CC 86–2035 JMoV.**

**Bankruptcy No. LA 86–52719–SB.**

**Ref. No. M6–51986.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted June 17, 1987.

Decided Oct. 22, 1987.

---

Franklin Michaels, Jr., Weiss, Lipow & Katz, Los Angeles, Cal., for appellants.

Ronald Hettena, Inglewood, Cal., for appellees.

Before JONES, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

The movants in the court below and their attorney appeal the trial court's imposition of sanctions for prosecuting a motion for relief from the automatic stay. Appellees argue that the sanctions were properly imposed by the trial court and seek additional sanctions for the instant appeal. We REVERSE.

## FACTS

The debtor, Richard Lewis, filed a Chapter 13 petition on May 28, 1986. On that date, Lewis owed Gerald and Sarkis Shmavonian $105,215.64 on a promissory note secured by a third deed of trust on property Lewis owned. The note was executed in July, 1985 and provided for interest-only payments of $1,290.00 on the first of each month from September, 1985 through July, 1986. On August 1, 1986, the note matured by its terms and all unpaid amounts of principal, interest and fees were due and payable.

Lewis failed to make payments on the note from January 1 through May 1, 1986. Meanwhile, the Shmavonians advanced $9,541.00 to senior lienholders in order to protect their secured status and paid a $418.00 insurance premium on the property. Lewis made no payment on June 1, but his attorney mailed a cashiers check for $1,290.00 to the Shmavonians on June 6. On June 11, counsel for the Shmavonians, Ira Katz, filed a motion for relief from the automatic stay and for other relief.

Subsequently, Lewis' counsel contacted Katz who acknowledged that the Shmavonians had received the June 6 payment. Lewis' counsel requested that Katz withdraw the motion and allegedly informed him that the court's policy was to deny relief from the stay in Chapter 13 cases where post-petition payments were current. Lewis' counsel also told Katz she would seek sanctions if the motion was not removed from the calendar. Katz did not withdraw the motion.

On July 9, 1986, at the hearing on the motion, the bankruptcy court denied the relief on the basis that Lewis was making postpetition monthly maintenance payments. The court stated that because a Chapter 13 debtor's residence was necessary for an effective reorganization, consideration of the equity cushion in the property was irrelevant to the determination whether the automatic stay should be allowed to remain in effect. The court further stated that the only issue it would consider was whether the postpetition monthly maintenance payments had been made. The court concluded that the motion for relief from the stay had not been filed in good faith and imposed $500.00 sanctions.

On July 21, 1986, the Shmavonians objected to Lewis' Chapter 13 plan which was

not confirmed. A week later, Lewis converted his case to a Chapter 7. The Shmavonians subsequently obtained relief from the stay.

The Shmavonians filed a motion for reconsideration of the order awarding sanctions which the court denied. Katz and the Shmavonians timely appealed.[1]

## STANDARD OF REVIEW

A trial court's findings of fact will not be reversed unless clearly erroneous, Bankr. Rule 8013, but its conclusions of law are subject to de novo review. *In re American Mariner Ind., Inc.,* 734 F.2d 426, 429 (9th Cir.1984). The standard of review for sanction cases appears to have changed recently. In the past we have simply reviewed a trial court's decision to impose sanctions for an abuse of discretion. *See, e.g., In re Chisum,* 68 B.R. 471, 473 (9th Cir. BAP 1986). The Ninth Circuit has recently stated, however, that "[b]ecause Rule 11 mandates sanctions when it is violated, the prevailing view of the courts of appeals is that whether specific conduct violated the Rule is a legal question which must be reviewed de novo." *Golden Eagle Dist. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986); *see also Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986).[2] "Since the [trial] court has wide discretion in determining what sanctions should be imposed for violation of the Rule, however, the appropriateness of the sanctions must be reviewed under an abuse of discretion standard." *Golden Eagle,* 801 F.2d at 1538; *see also Hewitt,* 798 F.2d at 1233 (*amount* of sanctions imposed is reviewed for abuse of discretion).

## DISCUSSION

The issue presented in this case is whether the trial court erred by sanctioning a

---

1. Hereinafter, Katz and the Shmavonians will be referred to collectively as "Appellants"; Lewis and the Chapter 13 trustee will be referred to as "Appellees".

2. The cases cited here involve sanctions imposed under Rule 11 of the Federal Rules of Civil Procedure ("FRCP 11"). The language of that rule, however, and of Bankruptcy Rule

9011 are virtually identical. *Cinema Serv. Corp. v. Edbee Corp.,* 774 F.2d 584 585 (3d Cir.1985) Thus, courts considering sanctions under Rule 9011 have relied extensively on cases considering sanctions under FRCP 11. *See id.; In re Chisum,* 68 B.R. 471, 473 (9th Cir. BAP 1986); *In re Eighty South Lake, Inc.,* 63 B.R. 501, 506–507 (Bankr.C.D.Cal.1986).

secured creditor's attorney for prosecuting a motion for relief from stay in a Chapter 13 case where postpetition payments were current. Bankruptcy Rule 9011 requires an attorney filing a document in a bankruptcy case to sign the document. The rule also provides in relevant part:

The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, *shall* impose on the person who signed it, the represented party, or both, an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankr. Rule 9011(a) (emphasis added). Rule 9011, like FRCP 11, was recently amended. Currently, if the rule is violated, the court *shall* impose sanctions against the offending party. This change was "intended to encourage rather than merely permit the use of appropriate sanctions." *Eighty South Lake,* 63 B.R. at 506 (citing *Cinema Serv. Corp.,* 774 F.2d at 586). The purpose of the modified rule is "to curb delay and expense caused by the filing of unsupported pleadings and motions." *Golden Eagle,* 801 F.2d at 1537. Moreover, "the language of the new Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the validity of a pleading before it is signed." *Eastway Const. Corp. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985).

Under the new rule, an attorney's conduct is measured by an objective standard —the attorney's conduct must have been "reasonable under the circumstances." *Golden Eagle,* 801 F.2d at 1536 (citing Advisory Committee Note, 97 F.R.D. 165, 198 (1983)). "The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Zaldivar,* 780 F.2d at 829–831. This objective standard is more stringent than the former subjective standard and the rule is now more easily violated. *Golden Eagle,* 801 F.2d at 1536 (citing 97 F.R.D. at 198–199); *Zaldivar,* 780 F.2d at 829 (no finding of subjective bad faith necessary to justify sanctions).

Of course, the stricter standards for imposing sanctions under rules 11 and 9011 must not "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Golden Eagle,* 801 F.2d at 1536–37 (citing 97 F.R.D. at 199). In order to protect counsel, therefore, a court considering the imposition of sanctions must not use hindsight and "should test the signer's conduct by inquiring what was reasonable to believe at the time the [document] was submitted." *Id.; see Eastway Const. Corp.,* 762 F.2d at 254. Thus, the issue in the instant case is whether, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the [motion for relief from stay] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Eastway Const. Corp.,* 762 F.2d at 254 (quoted with approval in *Golden Eagle,* 801 F.2d at 1537).

The trial court found that the motion for relief from stay filed by Katz was not filed in good faith and that, accordingly, sanctions were in order. Appellants argue that the court erred as a matter of law in holding that the existence *vel non* of an equity cushion is irrelevant in determining whether to grant relief from the stay in a Chapter 13 case where postpetition payments are current. Appellees assert that because Lewis' counsel informed Katz that the court's policy was not to grant relief from the stay in a Chapter 13 case where postpetition payments were current, Katz had

897

no reasonable grounds for seeking relief from the stay.[3]

 We decline to review the merits of this policy as that issue is not before us. We note, however, that Appellees cite no statute, case law, or general order or rule establishing the alleged policy.[4] Thus, according to Appellees, Katz should have relied solely on information obtained from opposing counsel in determining whether to prosecute or to withdraw the motion. We decline to adopt such a rule. Moreover, even if there had been case law establishing the policy, there may well have been grounds for challenging the policy before an appellate court. Under these circumstances, Katz certainly had grounds to challenge the policy and to make "a good faith argument for the extension, modification, or reversal of existing law...." The award of sanctions was therefore inappropriate and we REVERSE.[5]

---

3. At oral argument, Katz claimed he had not been informed of the court's policy. Even assuming he was informed of the policy, however, we conclude that sanctions were not warranted.

4. Appellants, however, cite two cases tending to indicate that bankruptcy courts in the central district of California consider a variety of factors, including the amount or existence of an

equity cushion, in ruling on motions for relief from the stay in Chapter 13 cases. *See In re Kim*, 71 B.R. 1011 (Bankr.C.D.Cal.1987); *In re Pitts*, 2 B.R. 476 (Bankr.C.D.Cal.1979).

5. In light of this disposition, we also decline to award sanctions against the Appellants for bringing the instant appeal.