847 F.2d 597
 Bankr. L. Rep. P 72,330
In re Toney CHISUM, Debtor.
MORTGAGE MART, INC., Plaintiff/Appellant,
v.
Martin RECHNITZER, Trustee in Bankruptcy, Toney Chisum,
Debtor, and Julia C. Coleman, Defendants/Appellees.
 No. 87-5513.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 9, 1988.
Decided May 26, 1988.
 
 Leon L. Vickman, Encino, Cal., for plaintiff-appellant.
 Julia C. Coleman, Compton, Cal., for defendants-appellees.
 Appeal from the United States Bankruptcy Appellate Panels of the Ninth Circuit.
 Before FARRIS, BOOCHEVER and REINHARDT, Circuit Judges.
 REINHARDT, Circuit Judge:
 Chisum filed a Chapter 13 petition on February 22, 1983. A voluntary dismissal was entered May 13. On July 21 of the same year, Chisum filed a second Chapter 13 petition, which was dismissed on August 29. A third Chapter 13 petition was filed on December 5 of the same year. A creditor gained relief from the automatic stay on January 27, 1984. Chisum dismissed his third petition on February 1. On the same day, Mortgage Mart bought Chisum's home at a foreclosure sale. The next day, February 2, Chisum filed, pro per, a Chapter 7 petition. Mortgage Mart filed for relief from the automatic stay in order to pursue an action for unlawful detainer.
 Mortgage Mart filed a complaint against Chisum and his attorney, Julia Coleman, for sanctions, punitive damages, and attorney's fees. Mortgage Mart argued that Chisum's multiple filings constituted an abuse of the bankruptcy process. It argued that the petitions were filed solely to prevent foreclosure, an objective Mortgage Mart claimed to be improper. The bankruptcy court found for the defendants on all claims. On appeal, the bankruptcy appellate panel affirmed. In re Chisum, 68 B.R. 471 (9th Cir. BAP 1986).
 The bankruptcy court found that Chisum's petitions had been filed in good faith and that the successive petitions were justified by changed circumstances in Chisum's financial situation. The court found that the first two Chapter 13 filings had been voluntarily dismissed because of Chisum's belief that he had obtained a loan sufficient to pay off his creditors; on each occasion, however, the loan arrangements fell through. The third Chapter 13 petition was filed in good faith "in that Debtor was prevented from performing only because of a new court ruling requiring post-petition mortgage payments which Debtor could not make, even though he was prepared to make post-petition mortgage payments required as of date of filing." The court excused the fourth filing, a filing under Chapter 7, by stating that "the Court as a matter of law advises debtors who are unable to perform in Chapter 13, that Chapter 7 is available as a means of saving equity in their real property."[1] Finally, the court added an extended, and persuasive, quotation from a concurring opinion in Talamini v. Allstate Ins., 470 U.S. 1067, 1070-72, 105 S.Ct. 1824, 1827-28, 85 L.Ed.2d 125 (1985) (Stevens, J., concurring), regarding why courts should hesitate to impose sanctions on persons filing actions or other proceedings.
 
 
 1
 The bankruptcy appellate panel affirmed. The panel first rejected the argument that the filings had been for an improper purpose: "Filing a bankruptcy petition to prevent foreclosure if undertaken pursuant to a legitimate effort at reorganization is not reprehensible and is in accord with the aim of the Bankruptcy Code." In re Chisum, 68 B.R. at 473. The panel also held that since there had been credible evidence of changed circumstances and of Chisum's good faith in filing multiple petitions, the bankruptcy court did not abuse its discretion in refusing to impose sanctions.
 
 
 2
 The primary legal basis for a bankruptcy court's imposition of sanctions is Bankruptcy Rule 9011(a).[2] The bankruptcy appellate panel in this case applied an abuse of discretion standard in reviewing the bankruptcy court's decision not to impose sanctions. Chisum, 68 B.R. at 473. However, in a subsequent case, the bankruptcy appellate panel noted:
 
 
 3
 The standard of review for sanction cases appears to have changed recently. In the past we have simply reviewed a trial court's decision to impose sanctions for an abuse of discretion. See, e.g., In re Chisum, 68 B.R. 471, 473 (9th Cir. BAP 1986). The Ninth Circuit has recently stated, however, that "[b]ecause Rule 11 mandates sanctions when it is violated, the prevailing view of the courts of appeals is that whether specific conduct violated the Rule is a legal question which must be reviewed de novo." Golden Eagle Dist. Corp. v. Burroughs Corp. 801 F.2d 1531, 1538 (9th Cir.1986).
 
 
 4
 In re Lewis, 79 B.R. 893, 895 (9th Cir. BAP 1987). In a footnote, the court added:
 
 
 5
 The cases cited here involve sanctions imposed under Rule 11 of the Federal Rules of Civil Procedure ("FRCP 11"). The language of that rule, however, and of Bankruptcy Rule 9011 are virtually identical. Cinema Serv. Corp. v. Edbee Corp., 774 F.2d 584, 585 (3d Cir.1985). Thus, courts considering sanctions under Rule 9011 have relied extensively on cases considering sanctions under FRCP 11. See id.; In re Chisum, 68 B.R. 471, 473 (9th Cir. BAP 1986); In re Eighty South Lake, Inc., 63 B.R. 501, 506-507 (Bankr.C.D.Cal.1986).
 
 
 6
 Lewis, 79 B.R. at 895 n. 2.
 
 
 7
 The bankruptcy appellate panel in Lewis correctly stated the law in this circuit regarding Fed.R.Civ.P. 11 and Bankr. R. 9011: when the rule is violated, the imposition of sanctions is mandatory, not discretionary. The standard governing review of sanctions is the same under both rules.
 
 
 8
 Under Bankr.R. 9011, sanctions are required if the petitioner's actions are not "warranted by ... law." Whether a bankruptcy filing is warranted by law may depend upon factual determinations. That is the case here. Multiple Chapter 13 bankruptcy filings are legally justified "as long as each new plan is proposed in good faith." In re Nash, 765 F.2d 1410, 1415 (9th Cir.1985). Good faith is a factual question. Matter of Metz, 820 F.2d 1495, 1497 (9th Cir.1987). If the bankruptcy court determines as a factual matter that a debtor's successive filings were not proposed in good faith, the court must impose sanctions under Bankr.R. 9011. However, if the court's factual finding is that the filings were proposed in good faith, sanctions are not appropriate.
 
 
 9
 On appeal, the bankruptcy court's findings regarding good faith are reviewed under a clearly erroneous standard. Matter of Metz, 820 F.2d at 1497. This is true even in the context of a review of a decision involving sanctions because the finding of good faith is the key factual determination underlying the bankruptcy court's refusal to impose sanctions. See Golden Eagle, 801 F.2d at 1538 ("If there is any dispute as to factual determinations concerning the conduct [which allegedly violated Rule 11], the determinations would be reviewed under a clearly erroneous standard.").
 
 
 10
 Though multiple filings are not per se illegal, see Matter of Metz, 820 F.2d at 1497, "[a] debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith." In re Nash, 765 F.2d at 1415. As we noted in Nash:
 
 
 11
 Under the 1978 [Bankruptcy] code, unwary creditors may suffer losses at the hands of debtors who abuse the multiple filing opportunities provided by Chapter 13. We are disturbed by the potential inequity of this result, but ... we are constrained by the express language of the Code.
 
 
 12
 Id. at 1414.
 
 
 13
 The primary basis for the bankruptcy court's good faith determination in this case was its finding of changed circumstances. We have earlier explicitly stated that "a bona fide change in circumstances" can justify a finding that successive bankruptcy filings were proper. Matter of Metz, 820 F.2d at 1498. The bankruptcy judge is in the best position to assess a debtor's credibility and the legitimacy of the explanations he gives for multiple filings. Here, there was sufficient evidence in the record to support the judge's conclusion that Chisum's successive filings were justified by changes in circumstances. Accordingly, the bankruptcy court's finding of good faith was not clearly erroneous.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The bankruptcy court also found that there was insufficient evidence that Chisum had committed perjury in filing his Chapter 7 petition. Chisum's Chapter 7 papers stated that his lawyer Julia Coleman assisted in the preparation and that she was paid $100 for her services, even though the petition was actually pro per, and he listed only one of his three prior Chapter 13 petitions. Chisum explained that Coleman's assistance and fee referred to an earlier Chapter 13 filing. As noted, the bankruptcy court held that the misstatements and omissions did not constitute perjury and were not sufficient to warrant the conclusion that Chisum intended to commit perjury. We see no reason to disturb these findings
 
 
 [2]
 Bankr.R. 9011(a):
 Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and telephone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.