15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Barbara SEITH, Appellant,
v.
ATLANTIC FINANCIAL SAVINGS BANK, Appellee.
 No. 92-16257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Jan. 5, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Debtor Barbara Seith ("Seith") appeals from the imposition of sanctions against her pursuant to Bankruptcy Rule 9011.[1] We affirm.
 
 I.
 
 2
 In September 1985, Seith borrowed $750,000 from Atlantic Financial Savings Bank ("Atlantic") to refinance her residence in Los Gatos, California ("Property"). In exchange for the loan, Seith executed a promissory note secured by a first priority deed of trust on the Property. In July 1987, Seith defaulted on the note and Atlantic scheduled a foreclosure sale of the Property for February 5, 1988.
 
 
 3
 Seith filed suit against Atlantic in state court alleging violations of the Federal Truth in Lending Act and obtained a state-court injunction enjoining the foreclosure sale. The injunction was dissolved on June 20, 1989, following a grant of summary judgment in favor of Atlantic by the state court.
 
 
 4
 On July 7, 1989, Seith filed a Chapter 11 petition which again postponed the Trustee's sale. In late July 1989, Seith failed to appear at two scheduled creditors' meetings and two additional court-ordered Rule 2004 examinations.
 
 
 5
 On September 5, 1989, the bankruptcy court granted Atlantic relief from the automatic stay on foreclosure. On September 20, 1989, the court found that Seith had failed to prosecute her Chapter 11 case and, consequently, converted the case to one under Chapter 7.
 
 
 6
 On October 17, 1989, Atlantic again was forced to postpone its scheduled sale of the Property when Seith's husband and son claimed an interest in the Property, the latter under the Soldiers' and Sailors' Civil Relief Act of 1940 ("1940 Act").[2] The bankruptcy court subsequently found those interests invalid.
 
 
 7
 In December 1989, Seith applied for authorization to sell the Property free and clear of any liens and asked for injunctive protection against foreclosure. The bankruptcy court denied the requested relief on December 20, 1989, finding that the Chapter 7 Trustee, not the debtor, was the proper party to make such an application.
 
 
 8
 On December 29, 1989, Seith filed a second application to sell the Property, and an adversary proceeding for injunctive relief. She also sought a temporary restraining order to stop Atlantic's scheduled foreclosure sale. The bankruptcy court denied Seith's application.
 
 
 9
 On March 1, 1990, Atlantic purchased the Property at a regularly conducted foreclosure sale for $1.1 million. On March 3, 1990, the bankruptcy court issued a writ of possession directing the eviction of Seith and her husband. On March 8, 1990, Seith filed a complaint requesting that the court set aside the March 1 foreclosure sale and enjoin Atlantic from evicting her from the Property. Both requests were denied by the bankruptcy court on March 19, 1990.
 
 
 10
 Thereafter, Atlantic renewed previous requests for Rule 9011 sanctions arguing bad faith, failure to file schedules and statements, failure to attend meetings and examinations, and harassment. On May 25, 1990, the bankruptcy court found, based on "simply overwhelming evidence," that Seith had acted in bad faith and unnecessarily increased the costs to Atlantic. On August 14, 1990, after receiving a supplemental breakdown of Atlantic's relevant attorneys' fees and costs, the court imposed sanctions of $45,000 against Seith, and $999 against Seith's attorney.
 
 
 11
 The bankruptcy appellate panel ("BAP") affirmed the order of the bankruptcy court by opinion filed on May 18, 1992. On May 28, 1992, Seith moved for a rehearing. That request was denied. Seith now appeals.
 
 II.
 
 12
 We review all aspects of a bankruptcy court's imposition of Rule 9011 sanctions for abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.1991). We will find an abuse of discretion where the court's ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id., quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).[3]
 
 A.
 
 13
 Seith raises for the first time on appeal the issue of whether or not the bankruptcy court erred in failing to make findings with respect to Seith's ability to pay the sanctions imposed against her. In general, we will not pass judgment over issues not raised below. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985); Benigni v. City of Hemet, 879 F.2d 473, 475-76 (9th Cir.1988). Since Seith did not present her "ability to pay" argument to the bankruptcy court, we decline to consider the issue on appeal.
 
 B.
 
 14
 Even if we were to address Seith's arguments, she has failed to cite any case which would require a bankruptcy court to make findings, sua sponte, with respect to a party's ability to pay sanctions. To the contrary, we have held that the sanctioned party bears the burden of producing evidence of inability to pay. "Simple logic compels this result: the sanctioned party knows best his or her financial situation." Gaskell v. Weir, No. 92-16769 (9th Cir. Nov. 22, 1993). Accord Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1160 (10th Cir.1991); In re Kunstler, 914 F.2d 505, 524 (4th Cir.1990).
 
 
 15
 Here, Seith had an opportunity to oppose the motion for sanctions. The bankruptcy court conducted a separate inquiry into the reasonableness of the amount claimed and the amount subsequently imposed. At no point did Seith come forward with evidence pertaining to her financial status, nor did she attempt to present any evidence in support of the proposition that she was unable to pay the sanctions imposed. Consequently, the bankruptcy court did not abuse its discretion in failing, sua sponte, to make findings as to Seith's ability to pay sanctions.
 
 III.
 
 16
 Seith also argues that the bankruptcy court's method of apportioning the sanctions award was a clear error of law. The bankruptcy court, however, has wide discretion to determine the appropriate sanctions under Rule 9011. Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1163 (9th Cir.1987); In re Rainbow Magazine, Inc., 136 B.R. 545, 555 (Bankr. 9th Cir.1992). Rule 9011 itself provides that a court "may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fees." Rule 9011 also provides that sanctions may be imposed against counsel, the party represented, or both.
 
 
 17
 In Rainbow Magazine, the BAP recognized that, with respect to Rule 9011 sanctions, "courts apply the general rule that sanctions are to be allocated between counsel and client according to their relative culpability." 136 B.R. at 554 (Bankr. 9th Cir.1992). The panel also noted that "in considering the relative culpability of the debtor and its attorney, the debtor must bear much of the responsibility." Id.
 
 
 18
 This last point is particularly well taken in the present context. The bankruptcy court found, and the BAP agreed, that it was Seith's own conduct, efforts, and bad faith which caused the sanctioned delay and harassment. The bankruptcy court also found that it had no reason to believe that Seith's attorney knew, or had reason to know, of Seith's bad faith at the outset of the case.
 
 
 19
 These findings support the bankruptcy court's apportionment of the sanctions award. We hold that the bankruptcy court did not abuse it discretion in imposing a $45,000 sanction against Seith, and a $999 sanction against her attorney.
 
 IV.
 
 20
 Finally, Seith argues that Atlantic, by opposing Seith's motion to dismiss, failed to mitigate its legal fees and costs and that, therefore, the sanctions award was excessive. The duty to mitigate, however, does not require a party to take actions that would impair its rights. In re Film Ventures Int'l, Inc., 89 B.R. 80, 86 (Bankr. 9th Cir.1988) (rejecting argument that sanctions were inappropriate where sanctioned party's opponent had opposed motion to dismiss claim and holding that party's refusal to attempt to resolve dispute informally does not preclude imposition of sanctions). Given the history of this litigation, we do not believe that Atlantic's actions were unreasonable.
 
 
 21
 In general, the bankruptcy court is the forum most familiar with the parties and issues involved in a given case, and "is in the best position to assess a debtor's credibility and the legitimacy of the explanations he gives for multiple filings." In re Chisum, 847 F.2d 597, 600 (9th Cir.1988). Here, the bankruptcy court ordered Atlantic to file a supplemental declaration concerning its attorney fees and costs, and conducted a reasonable inquiry into the reasonableness of the amounts claimed as sanctions.[4] Rule 9011 explicitly provides for a sanction award which may include a reasonable attorney's fees. Consequently, we hold that the bankruptcy court did not abuse its discretion in calculating the amount of sanctions imposed on Seith.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Bankruptcy Rule 9011(a) provides in relevant part as follows:
 ... The signature of an attorney or a party constitutes a certificate by him that he has read the document [served]; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.
 
 
 [2]
 Seith's husband refused to answer any questions at his Rule 2004 examination. Seith's son failed to appear for his Rule 2004 examination
 
 
 [3]
 Due to the almost identical language of Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11, courts considering sanctions under Rule 9011 often rely on Rule 11 cases. In re Grantham Bros., 922 F.2d at 1441 (9th Cir.1991); In re Chisum, 847 F.2d 597, 599 (9th Cir.1988)
 
 
 [4]
 Atlantic's attorneys estimated their fees at $90,017.50. The bankruptcy court concluded that Seith was responsible for $45,459.50. It imposed a sanction of $45,000 against Seith