15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Viquar AHMED, Debtor,
Viquar AHMED, Appellant,
v.
Lorraine RODRIGUEZ, Appellee.
 No. 92-55757.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Viquar Ahmed appeals pro se the Bankruptcy Appellate Panel's ("BAP") judgment (1) affirming the bankruptcy court's dismissal of Ahmed's Chapter 13 bankruptcy petition, (2) declaring Ahmed a vexatious litigant, and (3) imposing sanctions against him. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we dismiss in part and affirm in part.
 
 
 3
 We review decisions of the BAP de novo. California Dep't of Health Serv. v. Jensen (In re Jensen), 995 F.2d 925, 927 (9th Cir.1993). We review the bankruptcy court's conclusions of law de novo, and its findings of fact for clear error. Id.
 
 
 4
 * Dismissal of the Bankruptcy Petition
 
 
 5
 Ahmed appealed to the BAP the bankruptcy court's dismissal of Ahmed's third in a series of Chapter 13 bankruptcy petitions. The BAP dismissed Ahmed's appeal on the ground that Ahmed failed to provide a transcript of the bankruptcy court's hearing held on the motion to dismiss the petition, and failed to provide the BAP with any record as to the proceedings in the case. In his brief before this court, Ahmed argues that the BAP erred by dismissing his appeal because the judgment creditor in the bankruptcy proceedings and the BAP itself "forfeited the right to claim deficient record because they failed to exercise their right to counter-designate and require [the] reporter's transcript." This argument lacks merit.
 
 
 6
 Fed.R.App.P. 10(b)(2), which applies to appeals before the BAP, see Fed.R.App.P. 1, provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." If an appellant fails to supply a transcript of a lower court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam); Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989).
 
 
 7
 The motion to dismiss Ahmed's petition before the bankruptcy court listed five alternative grounds for dismissal. The bankruptcy court's findings and conclusions apparently were stated on the record at the hearing on the motion to dismiss. Ahmed's challenges to these findings and conclusions essentially amount to a claim that the bankruptcy court erred by finding that the petition was filed in bad faith. The existence of bad faith is a question of fact which is reviewed for clear error. See Hilo v. Exxon Corp., 997 F.2d 641, 646 (9th Cir.1993); Mortgage Mart, Inc. v. Rechnitzer, (In re Chisum), 847 F.2d 597, 599-600 (9th Cir.), cert. denied, 488 U.S. 892 (1988). Such review in this instance requires examination of the transcript of the proceedings before the bankruptcy court. The record indicates that Ahmed failed to designate any portion of the hearing transcript as part of the record on appeal and thus did not order the transcript. Contrary to Ahmed's contention, the burden was not on the BAP to "counter-designate" the transcript. See Fed.R.App.P. 10(b)(2). Accordingly, because we are unable to address Ahmed's arguments without the relevant portions of the hearing transcript, we dismiss Ahmed's appeal insofar as he challenges the dismissal of his bankruptcy petition. See Fed.R.App.P. 10(b)(2); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to provide transcript); Friedman v. Sheila Plotsky Brokers, Inc., 126 B.R. 63, 68 (Bankr. 9th Cir.1991).
 
 II
 Bankruptcy Court Sanctions
 
 8
 Ahmed contends that the bankruptcy court erred by imposing a sanction of $3,522.20 against him after dismissing his petition on the ground that it was filed in bad faith. This contention lacks merit.
 
 
 9
 "If the bankruptcy court determines as a factual matter that a debtor's [ ] filings were not proposed in good faith, the court must impose sanctions under Bankr.R. 9011." In re Chisum, 847 F.2d at 599. Here, because the bankruptcy court apparently found that Ahmed's filings were not proposed in good faith, the court did not err by imposing sanctions against him. See id.[1]
 
 
 10
 DISMISSED IN PART AND AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ahmed's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee requests that we impose additional sanctions against Ahmed for filing a frivolous appeal to this court, and that we declare Ahmed a vexatious litigant. We deny both requests. We also note that Ahmed does not challenge the portion of the BAP's order declaring him a vexatious litigant