51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Roger W. KNIGHT, Debtor,
Roger W. KNIGHT, Appellant,
v.
WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES; U.S.
Bancorp Mortgage Co.; Royanne M. Knight, Appellees.
 No. 94-35725.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Knight appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision (1) affirming the bankruptcy court's imposition of sanctions against Knight pursuant to Fed.R.Bank.P. 9011(a), and (2) imposing sanctions against Knight pursuant to Fed.R.App.P. 38 for filing a frivolous appeal. Knight contends that the BAP erred by imposing sanctions against him and by affirming the bankruptcy court's imposition of sanctions on the basis that Knight's bankruptcy petition and plan were not proposed in good faith. Appellee State of Washington Department of Social and Health Services ("DSHS") request sanctions on appeal in the form of attorney's fees. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We affirm and grant DSHS's request for sanctions.
 
 A. Bankruptcy Court Sanctions
 
 3
 Knight contends that the bankruptcy court erred by finding that he brought his bankruptcy action for an improper purpose, and sanctioning him for doing so. This contention lacks merit.
 
 
 4
 We review the bankruptcy court's imposition of Bankruptcy Rule 9011 sanctions for abuse of discretion. In re Grantham Bros., 922 F.2d 1438, 1441 (9th Cir.), cert. denied, 502 U.S. 826 (1991). We will find abuse of discretion where the court's ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).
 
 
 5
 Bankruptcy Rule 9011 provides for an award of sanctions against an attorney or a party who files pleadings or papers that are frivolous, i.e., not "well grounded in fact" or "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Bankr.P. 9011(a). Bankruptcy Rule 9011 also provides for an award of sanctions against an attorney or a party who files pleadings or papers that are "interposed for any improper purpose." Id. Recently, we held that "the bankruptcy court must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." In re Marsch, 36 F.3d 825, 830 (9th Cir.1994). "If the bankruptcy court determines as a factual matter that a debtor's [ ] filings were not proposed in good faith, the court must impose sanctions under Bankruptcy Rule 9011." In re Chisum, 847 F.2d 597, 599 (Bankr. 9th Cir.), cert. denied, 488 U.S. 892 (1988).
 
 
 6
 In his pro se amended bankruptcy petition, Knight made no provision for the payment of child support payments which he owed. Knight also contended that the State of Washington's child support statutes, Wash.Rev.Code Secs. 26.18 and 26.19, constituted a bill of attainder and deprived him of due process and equal protection. The bankruptcy court rejected Knight's contentions and found that Knight's action was brought for "harassment, delay and the increased cost of litigation, and without any foundation in existing law,"--i.e., to delay child support payments. In addition to dismissing Knight's action, pursuant to Bankruptcy Rule 9011 the court ordered Knight to pay $500.00 in attorney's fees to DSHS as a sanction.
 
 
 7
 This court has previously rejected Knight's constitutional challenges to Washington state's child support statutes. See Knight v. Knight, No. 92-35173, unpublished memorandum disposition (9th Cir. June 15, 1993), cert. denied, 114 S.Ct. 473 (1993). In addition, the record supports the bankruptcy court's conclusion that Knight brought his bankruptcy action for the improper purpose of delaying child support payments. Therefore the bankruptcy court did not abuse its discretion by granting sanctions against Knight. See In re Chisum, 847 F.2d at 599.
 
 B. BAP Sanctions
 
 8
 Knight contends that the BAP erred by sanctioning him for filing a frivolous appeal. This contention lacks merit.
 
 
 9
 This court reviews for abuse of discretion the BAP's imposition of sanctions for the filing of a frivolous appeal. See In re Akros Installations, Inc., 834 F.2d 1526, 1530 (9th Cir.1987).
 
 
 10
 Under Fed.R.App.P. 38, the BAP has the authority to award damages and single or double costs to an appellee for a frivolous appeal.[1] See In re Vasseli, 5 F.3d 351, 353 (9th Cir.1993); In re Burkhart, 84 B.R. 658, 661 (Bankr. 9th Cir.1988). An appeal is frivolous pursuant to Rule 38 when the result is obvious or the arguments are wholly without merit. See In re Hawaii Corp., 796 F.2d 1139, 1144 (9th Cir.1986).
 
 
 11
 Knight's arguments to the BAP, which were essentially the same as those presented to the bankruptcy court, were wholly meritless. See In re Hawaii Corp., 796 F.2d at 1144. Accordingly, the BAP did not abuse its discretion by finding Knight's appeal frivolous and awarding sanctions against him. See In re Akros Installations, Inc., 834 F.2d at 1530; Fed.R.App.P. 38.
 
 C. Ninth Circuit Sanctions
 
 12
 DSHS requests that, pursuant to Fed.R.App. 38, this court impose sanctions against Knight in the form of attorney's fees on appeal because Knight's appeal is frivolous and brought for "the improper purpose of harassment and the needless increase in the cost of litigation."
 
 
 13
 This court has discretion to impose sanctions for a frivolous appeal, even where the appellant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992) (per curiam). As with a sanction award by the BAP, an appeal to this court "is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Because we find that Knight's appeal to this court was wholly without merit and appears to have been filed solely for the purposes of harassment and delay, we award reasonable attorney's fees to DSHS.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under Bankr.App.Panel R. 13, the BAP may rely on the Federal Rules of Appellate Procedure when the Bankruptcy Rules and BAP rules are silent as to the particular matter of practice before the BAP. See In re Burkhart, 84 B.R. 658, 661 (Bankr. 9th Cir.1988). Thus, in awarding sanctions, the BAP may apply Fed.R.App.P. 38 because there is no relevant BAP rule, and Fed.R.Bankr.P. 9011, which tracks Fed.R.Civ.P. 11, applies only to the initial proceeding in bankruptcy court. See id.; In re Akros Installations, Inc., 834 F.2d at 1531